Argued and submitted March 8, reversed and remanded with instructions July 17, reconsideration denied September 20, petition for review denied November 5, 1985
(300 Or 249)

In the Matter of the Compensation of
Dawn Mellis, Claimant.

MELLIS,
*Petitioner,*

*v.*

McEWEN, HANNA, GISVOLD, RANKIN
& VAN KOTEN et al,
*Respondents.*

(83-00058; CA A31485)

703 P2d 255

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary and Conboy, Portland.

Thomas J. Mortland, Portland, argued the cause for respondents. With him on the brief was Breathouwer and Gilman, Portland.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of an order of the Board, which reversed a referee's opinion and order and reinstated the employer's denial of compensability. The issue is whether claimant's injury is work-related. We reverse and remand for acceptance of the claim.

Claimant is a salaried paralegal employed by a law firm. She is expected to document at least fifteen hundred billable hours per year. The law firm is located on the fourteenth floor of a Portland office building, which has a third floor cafeteria primarily maintained for, and patronized by, the building's tenants. Although claimant is not required to keep a set work schedule, she customarily works 8 a.m. to 5 p.m., with an hour off for lunch. The lunch hour is unpaid. Claimant usually goes home for lunch.

On November 17, 1982, she arrived at work at 9:30 a.m., delayed by a personal errand. She ate an apple at her desk during her usual lunch hour. At 2:15 p.m., she left her office and went to the cafeteria. She testified that she had reviewed a new file, realized that it was going to be a two- or three-hour job and decided to go downstairs to the cafeteria for a quick break to clear her mind before she got involved in a long session of calculations.

In the cafeteria she ate a small salad. After about 15 minutes, she arose to return to her office. She became entangled in the leg of a chair, tripped and fell and fractured the head of the femur of her right leg. She underwent surgery for internal fixation of the hip socket. She has since returned to work after an extended period of treatment. Although the law firm's office suite includes a coffee area, the firm has long acquiesed in its employees' practice of leaving the office for breaks in the cafeteria.

A compensable injury is an "accidental injury * * * arising out of and in the course of employment." ORS 656.005(8)(a). The ultimate inquiry under the statute is whether the relationship between the injury and the employment is sufficient that the injury should be compensable. *Rogers v. SAIF,* 289 Or 633, 642, 616 P2d 485 (1980). In determining whether an injury is work-related, this court has identified the following factors:

"a. Whether the activity was for the benefit of the employer * * *;

"b. Whether the activity was contemplated by the employer and employe either at the time of hiring or later * * *;

"c. Whether the activity was an ordinary risk of, and incidental to, the employment * * *;

"d. Whether the employee was paid for the activity * * *;

"e. Whether the activity was on the employer's premises * * *;

"f. Whether the activity was directed by or acquiesced in by the employer * * *;

"g. Whether the employe was on a personal mission of his own * * *." *Jordan v. Western Electric*, 1 Or App 441, 443-44, 463 P2d 598 (1970); *see also Halfman v. SAIF*, 49 Or 23, 618 P2d 1294 (1980).

In *Jordan* and *Halfman* we held that injuries that had occurred off premises during coffee breaks were work-related. In this case, after applying the *Jordan* factors, the Board found that claimant's injury was not work-related, in part because the Board did not believe that eating in a public cafeteria can be considered an ordinary risk of or incidental to claimant's employment, particularly when employer provides a lunch room, and in part because claimant, as a salaried employe, was not paid for her time in the cafeteria. The Board considered the most important fact to be that employer maintained no control over claimant while she was on her break.

■ We disagree with the Board's factual findings that claimant was not paid for her break time. Claimant's lunch period was not paid. However, within her regular 40-hour week it was contemplated that she would take coffee breaks and that the breaks would be included in her regular work day. We find that the 15 minutes that claimant spent in the cafeteria was a "coffee break" rather than a delayed, unpaid lunch period.

We find that the activity was contemplated by both employer and claimant and that the activity was acquiesced in by employer. As to whether claimant was on a personal mission, we find that a 15-minute break is a "typical kind of

coffee break activity that is contemplated by an employer" and that claimant's activity was not a departure from the employment relationship. *See Halfman v. SAIF, supra,* 49 Or App at 29. That the injury occurred off premises is only a factor weighing against the claim, not a decisive one. After weighing all the factors, we conclude that claimant has established that her injury is work-related.

Reversed and remanded with instructions to accept the claim.