Argued and submitted October 2, reversed and referee's order reinstated
November 18, 1987

In the Matter of the Compensation of
Larry Preston, Claimant.
PRESTON,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents.*

(WCB 85-13376; CA A42186)

745 P2d 783

Donald M. Pinnock, Ashland, argued the cause for petitioner. With him on the brief was Davis, Ainsworth, Pinnock, Davis & Gilstrap, Ashland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Claimant seeks review of a Workers' Compensation Board order that reversed the referee's order and reinstated SAIF's denial of compensability. The sole issue is whether claimant's eye injury is work-related. We hold that it is and reverse.

Claimant taught social studies and coached basketball at Ashland Junior High School. Between 2:30 and 3:30 p.m. on November 20, 1984, he took two boxes of school-related papers from the school to his home. He also intended to pick up from his home statistics relating to his basketball teams to be used in practices that day. The trip to his home occurred during his "prep period,"[1] which was the sixth and last period of the school day. He had to return to the school by 4:00 p.m. for the basketball practices. He "signed out" when he left the school, as required by school policy. A former student accompanied him,[2] and she helped carry the boxes to the porch of his home. While on the porch, he asked her to pull a particular file from one of the boxes. In doing that, she accidentally hit his left eye with her right elbow, causing damage to his eye.[3]

SAIF denied the claim on the basis that it was not work-related. The referee set aside the denial, finding that "there was a sufficient work connection between [claimant's] activity in moving the boxes and his employment." The Board reversed the referee on the theory that

> "at some point the connection with claimant's employment at the school became too attenuated to connect the injury with the employment sufficiently to be compensable. We cannot point to a single factor which is the dividing line over which

---

[1] "Prep periods" are times during which teachers and coaches prepare for class and sports activities and for which they are paid.

[2] The former student, a 17-year old high school senior, occasionally sought claimant's counsel concerning personal and family problems. On this occasion, she had gone to claimant's school to discuss some personal problems. He told her that he did not then have time to sit and talk, because he had to drop off some papers at his home before returning to school for basketball practice. He indicated, however, that she could accompany him if she wanted and that they could talk en route to his home. She decided to do that.

[3] Claimant was recovering from a corneal transplant performed on that eye two months earlier.

claimant crossed because it is the combination of all of the relevant factors which led to this conclusion."

The sole question is whether claimant's injury "aros[e] out of and in the course of employment." ORS 656.005(8)(a). The ultimate inquiry under that statute is whether "the relationship between the injury and the employment [is] sufficient that the injury should be compensable * * *." *Rogers v. SAIF,* 289 Or 633, 642, 616 P2d 485 (1980). We have identified the following factors to help determine whether an injury is work-related:

"(a)   Whether the activity was for the benefit of the employer * * *;

"(b)   Whether the activity was contemplated by the employer and employe either at the time of hiring or later * * *;

"(c)   Whether the activity was an ordinary risk of, and incidental to, the employment * * *;

"(d)   Whether the employe was paid for the activity * * *;

"(e)   Whether the activity was on the employer's premises * * *;

"(f)   Whether the activity was directed by or acquiesced in by the employer * * *; [and]

"(g)   Whether the employe was on a personal mission of his own * * *." *Jordan v. Western Electric,* 1 Or App 441, 443-44, 463 P2d 598 (1970). (Citations omitted.)

All of those factors may be considered, and no one factor is dispositive. *Mellis v. McEwen, Hanna, Gisvold,* 74 Or App 571, 575, 703 P2d 255, *rev den* 300 Or 249 (1985).

■   The Board found, and we agree, that claimant's activity at the time of injury was of benefit to the school. However, we disagree with the Board's findings that claimant was working on the files at his home for his own personal convenience and on his own time. Claimant could not use his classroom during his "prep period," because another teacher was holding a class there. He took the files to his home during regular school hours, a time for which he was paid. We find that claimant was not on a personal mission.

■   We also find that the school contemplated and, at the very least, acquiesced in claimant's activity, as demonstrated by the requirement that teachers and coaches "sign out" when

they leave the school building during school hours. That the injury occurred away from school premises weighs against the claim, but it is not decisive. *See Mellis v. McEwen, Hanna, Gisvold, supra.* We conclude that claimant's eye injury is sufficiently work-related to be compensable.

Reversed; referee's order reinstated.