Argued and submitted December 12, 1988, reversed and remanded for reconsideration March 1, 1989

In the Matter of the Compensation of
Hun J. Kim, Claimant.

KIM,
*Petitioner,*

*v.*

MT. HOOD COMMUNITY COLLEGE et al,
*Respondents.*

(WCB 86-09851; CA A47789)

769 P2d 239

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun & Green, Portland.

Jas J. Adams, Portland, argued the cause for respondents. With him on the brief was Acker, Underwood & Smith, Portland.

Before Joseph, Chief Judge, and Graber and Riggs, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant sustained injuries while contributing his labor to a charitable foundation. He seeks review of an order of the Workers' Compensation Board that affirmed a referee's order that denied his claim. Because the referee's order is inadequate for review, we reverse and remand.

Claimant works in employer's maintenance department. He and other workers from that department agreed to contribute a "package" of work to be sold at an auction for the benefit of the Mt. Hood Community College Foundation (foundation). The foundation is a non-profit corporation whose sole purpose is to raise money for the benefit of employer and its students. Claimant and the others who had agreed to contribute their labor met at employer's premises on a Saturday in May, 1986, and, using employer's equipment, went out to work for those who had bid successfully. None of them expected to be paid for the work. During the course of the day, claimant fell from a roof and was injured. Employer denied his claim, and claimant sought a hearing.

In his order, the referee recited the testimony of several witnesses and then stated that the issue was "whether claimant's injury occurred in the course and scope of his employment" with employer.[1] He decided that cases about injuries sustained during recreational or social activities were the most analogous and relied on the criteria for evaluating those injuries that we had earlier quoted from 1A Larson, *Workmen's Compensation Law,* § 22.200:

" 'Recreational or social activities are within the course of employment when

" '(1)  They occur on the premises during a lunch or recreation period as a regular incident of the employment; or

" '(2)  The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

" '(3)  The employer derives substantial direct benefit from the activity beyond the intangible value of improvement

---

[1] Because the referee said that the question was whether claimant's injury occurred in the course of his employment, it is not clear why he also discussed whether claimant was an employe when he was injured.

in employee health and morale that is common to all kinds of recreation and social life.'" *Richmond v. SAIF,* 58 Or App 354, 357, 648 P2d 370, *rev den* 293 Or 634 (1982).

The referee concluded that only the third criterion might be relevant and that claimant's activity provided employer only an indirect benefit. He did not explain that conclusion. He affirmed the denial. Claimant appealed to the Board, which adopted the referee's order but did not refer to either the factual statements or the reasoning. Claimant then sought review in this court.

Our review is for substantial evidence. ORS 656.298(6); ORS 183.482(7), (8). *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988), requires that the Board provide "a reasoned opinion based on explicit findings of fact." 90 Or App at 205. The Board adopted the referee's opinion and order. We assume that it approved his findings and conclusions. *See George v. Richard's Food Center,* 90 Or App 639, 752 P2d 1309 (1988). However, those findings and conclusions are inadequate for review.

The referee did not make findings of fact that reflected an evaluation of the evidence but simply recited the evidence that several witnesses presented. That is not enough.[2] *See Armstong v. Asten-Hill Co., supra,* 90 Or App at 207. Furthermore, even assuming that the referee was correct in his legal conclusion that the factors listed in *Richmond v. SAIF, supra,* are relevant, he did not explain why he decided that employer received indirect rather than direct benefits from claimant's work. There is evidence that the institutional ties between employer and the foundation were very close and that the foundation spends all of the money that it raises in ways that benefit employer. If the referee believed the evidence, as it appears that he did, then logically he should have concluded that claimant's work provided direct benefits to employer. The referee's conclusion to the contrary presents an instance "when the credible evidence apparently weighs overwhelmingly in favor of one finding and the [referee has found] the other without giving a persuasive explanation" based on

---

[2] Employer argues that the referee implicitly found the facts in accordance with the testimony that he recited. Even if we could treat his recitations in that way, the referee made no attempt to explain his resolution of any conflicts in the testimony or otherwise to explain his findings.

explicit findings of fact. *Armstrong v. Asten-Hill Co., supra,* 90 Or App at 206.

Reversed and remanded for reconsideration.