Argued and submitted April 7, remanded for reconsideration June 14, 1989

In the Matter of the Compensation of
Jack K. Kyle, Claimant.

## TIMBERLINE LODGE et al,
*Petitioners,*

*v.*

## KYLE,
*Respondent.*

(WCB 87-05239; CA A50117)

775 P2d 899

Paul L. Roess, Portland, argued the cause for petitioner. With him on the brief was Acker, Underwood & Smith, Portland.

Phil H. Ringle, Jr., Gladstone, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Riggs, J., dissenting.

## EDMONDS, J.

Employer seeks review of an order of the Workers' Compensation Board reversing the referee and holding that claimant's injury arose out of his employment as a ski instructor with Timberline Lodge. We remand for further findings of fact.

Claimant injured his left knee while participating in a ski race at Timberline Lodge. He was employed as a ski instructor, which required him to remain on employer's premises from 8:30 a.m. to 4:30 p.m. On the day of the injury, claimant requested permission to participate in a ski race sponsored by a beverage company, but was asked to remain to see if his services would be needed. Later that morning, his supervisor gave him permission to participate in the race but instructed him to return immediately after he was finished racing to be available to give ski lessons if needed.

There is evidence in the record from which the Board could find that employer expected its ski instructors to improve their proficiency in skiing, that it considered racing to be beneficial in developing an instructor's teaching skills and that claimant had previously been encouraged by the ski school's assistant director to participate in races. However, the Board made no findings of fact regarding that evidence.

1.     To be compensable, an injury must arise out of and in the course of employment. ORS 656.005(7)(a). "If the injury has sufficient work relationship, then it arises out of and in the course of employment * * *." *Rogers v. SAIF,* 289 Or 633, 643, 616 P2d 485 (1980). An on-premises injury has sufficient work relationship if it occurs while the employe is "on-call" and is involved in an activity that is associated somehow with his employment. *Clark v. U.S. Plywood,* 288 Or 255, 260-261, 605 P2d 265 (1980).

2.     In *Mellis v. McEwen, Hanna, Gisvold,* 74 Or App 571, 575, 703 P2d 255, *rev den* 300 Or 249 (1985), we identified seven factors to determine whether an injury is work-related: (1) whether the activity was for the benefit of the employer; (2) whether the activity was contemplated by the employer and employe; (3) whether the activity was an ordinary risk of, and incidental to, the employment; (4) whether the employe was paid for the activity; (5) whether the activity was on the

employer's premises; (6) whether the activity was directed by or acquiesced in by the employer; and (7) whether the employe was on a personal mission of his own. The Board recited those factors and made findings of fact relating to some of them, but it did not make specific findings of fact regarding all of them.[1]

Because the Board's opinion does not contain findings necessary to determine if claimant's injury has a "sufficient work relationship," we remand this matter to the Board for further findings of fact. ORS 183.482(8)(c).

Remanded for reconsideration.

**RIGGS, J.,** dissenting.

Under the "unitary 'work-connection' " test, *Rogers v. SAIF,* 289 Or 633, 643, 616 P2d 485 (1980), claimant's injury is compensable if it has a "sufficient work relationship * * *." In *Mellis v. McEwen, Hanna, Gisvold,* 74 Or App 571, 573-74, 703 P2d 255, *rev den* 300 Or 249 (1985), we identified seven factors for the Board to consider in reaching conclusions under the *Rogers* test. Each of the factors identifies a consideration relevant to the Board's determination, but no one factor is determinative. *See* 74 Or App at 575. Other considerations may be relevant as well.

The Board found that the ski race took place on employer's premises, that claimant's participation in the race was acquiesced in by employer and that "[claimant's] activity while racing was work-connected." Each finding is supported by substantial evidence. *See* ORS 183.482(8)(c); *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 206, 752 P2d 312 (1988). The Board concluded that "there was sufficient work connection to make the claim compensable." I would not hold, as the majority does, that the Board is required to make explicit

---

[1] The Board made findings that claimant was required to remain "on-call" on employer's premises, that permission was requested and given for claimant to enter the ski race, that the activity occurred on employer's premises and that claimant was injured while skiing in the race. On those facts the Board concluded:

"Thus, when he was injured while skiing, he was engaged in an activity in which the employer expected him to engage, given the requirement that he remain on the employer's premises. We conclude that, under claimant's work conditions, there was sufficient work connection to make the claim compensable."

The finding that claimant was required to remain on the premises does not necessarily lead to the conclusion that claimant "was engaged in an activity in which the employer expected him to engage.

findings as to each of the *Mellis* factors. Because the Board's conclusion follows logically from the findings that it did make, I would affirm.

I dissent.