Argued and submitted June 13, affirmed August 8, 1990

In the Matter of the Compensation of
Hun J. Kim, Claimant.

## MT. HOOD COMMUNITY COLLEGE
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Hun J. KIM,
*Respondent.*

(86-09851; CA A62516)

795 P2d 1100

Paul L. Roess, Portland, argued the cause for petitioners. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

Robert Wollheim, Portland, argued the cause for respondent. With him on the brief was Welch, Bruun and Green, Portland.

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Employer seeks review of the Workers' Compensation Board's order on remand. In the earlier review, we remanded, because the referee's order, which the Board adopted, was inadequate for review. *Kim v. Mt. Hood Community College,* 95 Or App 406, 769 P2d 239 (1989). We affirm.

The facts are set out in our earlier opinion. On remand, the Board correctly stated that the issue is whether claimant's injury arose out of and in the course of his employment. It then identified seven factors to consider in determining whether there is a sufficient relationship between the injury and the employment so that the injury should be compensable. *See, e.g., Mellis v. McEwen, Hanna, Gisvold,* 74 Or App 571, 574, 703 P2d 255, *rev den* 300 Or 249 (1985). It considered each of the factors and concluded that the injury is compensable.

Employer does not challenge the application of those factors. It acknowledges that "[t]he question * * * really comes down to whether the activity performed by [claimant] when he was hurt was '. . . for the benefit of the employer.' " It argues that, because it provides an educational service to the community at large, it is the community, rather than the employer, that directly benefits from the fundraising activities in which claimant participated.

Although claimant's characterization of employer's argument as "sophistic nonsense" may be somewhat harsh, it comes very close to the mark. The funds raised by claimant's activities went to the Mt. Hood Community College Foundation. The sole purpose of the foundation is to raise money for the benefit of the college and its students, and all proceeds from its fundraising activities go to that. Clearly, the fact that employer may serve the public does not mean that employer cannot receive a direct benefit from donations made to it.[1]

---

[1] Petitioners also argue that we should adopt the "good citizen rule" that

"acts that are nothing more than the discharge of a person's duties as good citizen or member of the community are not within the course of employment, even if they take place on the employment premises and may have been requested by the employer." 1A Larson, *Workmen's Compensation Law* 5-383, § 27.34 (1985). (Footnote omitted.)

Employer did not specifically rely on the good citizen rule in its argument to the Board. At oral argument in this court, however, claimant's counsel indicated that he understood the argument and responded to it. We need not decide whether to adopt the good citizen rule, because the facts of this case could not fit within it.

Affirmed.