Argued and submitted July 25, resubmitted In Banc December 12, 1990, affirmed January 16, 1991

In the Matter of the Compensation of
Arthur N. Gwin, Claimant.

Arthur N. GWIN,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Jensen Drilling Co.,
*Respondents.*

(88-03491; CA A63116)

803 P2d 1228

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Philip H. Garrow, Bend.

Paul L. Roess, Portland, argued the cause for respondent. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

BUTTLER, J.

De Muniz, J., dissenting.

## BUTTLER, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's decision that an injury that he suffered while travelling to his home from employer's work site is not compensable. We affirm.

We take the facts from the referee's findings that were adopted by the Board and are not challenged by claimant. Claimant, a driller, was on a six-month assignment at Bonneville Dam for his Eugene-based employer. On that assignment, as on others, he was dispatched from his home in Redmond and he travelled from his home directly to the job site. Generally, he worked a 40-hour week, four 10-hour days, and was not on call after the completion of his scheduled work. He was paid union scale; his hourly pay was determined on the basis of the distance of the job site from the nearest union hall, not, as claimant suggests, on the distance of the job site from his home. He was free to stay where he wished. Because of the distance from his home to the job site, claimant lived in his own trailer in a campground near the job site during the week and commuted home on weekends. Some workers commuted to and from their homes on a daily basis and were paid on the same basis as was claimant.

Because claimant was a senior driller, employer provided him with a company pickup truck for company business. The truck carried fuel to run equipment on the job, company-owned welding and safety equipment, large company-owned tools and parts and claimant's hand tools. Claimant was permitted to drive the truck to and from the job site, but could not use it at his home, except for company business. Employer paid for all insurance, gas, oil and maintenance. It did not pay claimant for his travel time. On a job such as this one, lasting six months, it would have been practical for claimant to bring his own car to the job site for personal use after work and to return home on weekends. Claimant, by his own choice, was driving employer's pickup toward his home for the weekend at the time of the injury in question.

Generally, under the "going and coming" rule, injuries sustained while travelling to and from work are not compensable. *See SAIF v. Reel,* 303 Or 210, 216, 735 P2d 364 (1987); *Nelson v. Douglas Fir Plywood Co.,* 260 Or 53, 488 P2d 795 (1971). There are some exceptions. For example, an injury

may become compensable if the claimant was a "travelling employee" exposed to additional hazards as a result of the travel that was required as a part of his employment. *SAIF v. Reel, supra,* 303 Or at 216. As the Supreme Court suggested in *Reel,* however, whether or not a case falls within the "travelling employee" rule, the underlying question to be answered is whether the injury arose out of and in the course of employment. The court stated:

> "The risk inherent in travel may arise out of the employment where such travel is a necessary incident of the employment. That is, when the travel is essentially part of the employment, the risk remains an incident to the employment even though the employe may not actually be working at the time of the injury." *SAIF v. Reel, supra,* 303 Or at 216.

Claimant would have us hold that, when a worker is required by the job to travel to a remote location, all travel necessitated by that location is a part of the risk of the employment. He asks us to adopt an exception to the "going and coming" rule for employees who live "unusual" distances from their jobs.

There is no doubt that employer derived some benefit from permitting claimant to drive the company pickup truck. For example, it was necessary that someone drive the truck with employer's equipment in it to the job site. If claimant had been injured while doing that, the injury would be compensable. The narrow issue here, however, is whether claimant's travel *home on weekends* was part of his employment. The referee and the Board found that, because the job was a 6-month assignment, it would have been practical for claimant to bring his own car to the job site for personal use and commuting. He does not dispute that. It was by his own choice that he was driving employer's pickup home when he was injured. Employer derived no benefit from permitting claimant to commute home on weekends in the company truck. The fact that claimant was provided with a truck for which employer paid expenses is not determinative. The question is whether the travel itself was a substantial part of the service performed. *See SAIF v. Reel, supra,* 303 Or at 216; 1 Larson, *Workers' Compensation Law* § 16.32 (1990). Although the initial travel to the job site with the company truck was part of the service performed, weekend travel home was not for the benefit of employer.

There were other senior employees on the job who lived only a short distance from the job site and who commuted daily to and from work in a company truck. Claimant conceded at oral argument that, if one of those employees were injured while going to and from work, the injury would not be compensable. Apart from the distance, there is nothing to distinguish claimant's weekend commuting from that of any other driller.

The Board's conclusion that claimant's trip home was personal is supported by its findings, and it did not err in concluding that the injury is not compensable.

Affirmed.

**DE MUNIZ, J.,** dissenting.

The ultimate inquiry is whether "the relationship between the injury and the employment [is] sufficient [so] that the injury should be compensable[.]" *Rogers v. SAIF,* 289 Or 633, 642, 616 P2d 485 (1980). In determining whether an injury is sufficiently work related, several factors are to be considered, including: (1) whether the activity was for the benefit of the employer; (2) whether the activity was contemplated by the employer and employee at the time of hiring or later; (3) whether the activity was an ordinary risk of, and incidental to, the employment; (4) whether the employee was paid for the activity; (5) whether the activity was on the employer's premises; (6) whether the activity was directed by or acquiesced in by the employer; and (7) whether the employee was on a personal mission of his own. No single factor is dispositive. *See Preston v. SAIF,* 88 Or App 327, 330, 745 P2d 783 (1987); *Mellis v. McEwen, Hanna, Gisvold,* 74 Or App 571, 575, 703 P2d 255, *rev den* 300 Or 249 (1985).

Job sites in the construction industry are not permanent. Skilled workers, such as claimant, do not normally live near employer's job sites. Claimant is dispatched by employer to jobs throughout Oregon, Washington and California. Accordingly, it is within the contemplation of employer that drillers will have to travel long distances to various jobs. Claimant's willingness to travel extended distances to employer's job sites is a benefit to employer.

The use of a company pickup to travel to and from the job site, although a benefit to claimant, is also a benefit to

employer. Claimant's use of the company pickup enables employer to make sure that he, as well as company equipment, parts and fuel for the equipment are efficiently transported to employer's remote job sites. Use of the company pickup was, therefore, an integral part of the work that claimant performed for employer.

In *I-L Logging Co. v. Mfgrs. & Whlse. Ind. Exc.*, 202 Or 277, 273 P2d 212, 275 P2d 226 (1954), the Supreme Court indicated that an employment relationship may exist during travel to and from work if the employer provides transportation to the job or pays the travel costs between the worker's home and the job site:

> "An employer may agree, either expressly or impliedly, that the relationship between himself and his employe shall continue during the period of 'going to and coming from' the actual job site, in which case it is generally held that an accidental injury sustained by the employe while 'going or coming' is one that 'arises out of and in the course of the employment.' This is particularly true where, as here, the employer furnishes transportation to and from the work as a necessary part of the contract of employment. The same situation may arise when an employer, as a part of the contract of hire, pays the workman an extra sum of money to cover the cost of transportation, or where the employer compensates the employe for the period of time required in going to or from the work. Each case is decided upon its own facts. There is no fixed rule decisive of all cases." 202 Or at 326. (Citations omitted.)

Although claimant was not being paid a wage while travelling, employer was paying the cost of his travel to and from the job site by furnishing the pickup and paying all of the expenses associated with operation of the truck. That is no different than furnishing the cash equivalent of the value of the use of claimant's own vehicle. Under either circumstance, the employer has interested itself in the employee's transportation to and from work and is furnishing something of value, *i.e.*, compensation, to the employee for undertaking the trip. *See* 1 Larson, *Workmen's Compensation Law* 4-208.62 n 53, § 16.31 (1990). Employer's assignment of the company pickup to claimant and payment of all expenses associated with its operation is strong evidence that employer and claimant intended the employment relationship to continue while claimant was travelling to and from a job site.

In *SAIF v. Reel, supra,* the Supreme Court said:

"The risk inherent in travel may arise out of the employment where such travel is a necessary incident of the employment. *That is, when the travel is essentially part of the employment, the risk remains an incident to the employment even though the employe may not actually be working at the time of the injury.*" 303 Or at 216. (Emphasis supplied.)

Considering all of the factors listed above, I would conclude that extended travel by claimant to and from employer's job site in the company pickup was an integral part of the employment relationship and a risk that should be borne by the employer in this case. I would hold that claimant's injury arose out of and in the course of his employment and, therefore, must respectfully dissent.

Rossman and Riggs, JJ., join in this dissent.