Argued and submitted April 17, 1992, affirmed April 21, 1993

In the Matter of the Compensation of
Gregory L. Potts, Claimant.

### LIBERTY NORTHWEST INSURANCE CORPORATION and KOIN TV, Inc.,
*Petitioners,*

*v.*

Gregory L. POTTS,
*Respondent.*

(WCB 90-05167; CA A70348)

850 P2d 1135

M. Kathryn Olney, Senior Trial Counsel, Liberty Northwest Insurance Corporation, Portland, argued the cause and filed the brief for petitioners.

Martin L. Alvey, Portland, argued the cause for respondent. With him on the brief was William H. Skalak, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Liberty Northwest Insurance Corporation (Liberty), employer's insurer, seeks review of a decision by the Workers' Compensation Board that claimant's injury is compensable. Liberty argues that claimant was an independent contractor under ORS 701.025,[1] not an employee, at the time of the injury. The Board determined that subsection (1) of ORS 701.025 had not been satisfied, because claimant was not free from the direction and control of employer and, consequently, he was not an independent contractor. We affirm.

■ Claimant is a "grip" in the film production industry. A grip's main tasks involve setting up and moving cameras and lighting equipment. Grips are skilled workers paid by the job. They furnish some of their own tools.

Claimant worked under a "key" or lead grip and a director. The director supervised the key grip who, in turn, hired grips and gave them directions based on the director's instructions. Generally, claimant had little control in determining the hours he worked or the way in which he completed his work. He was told when to be on the set and when to take breaks. More specifically, he was told how to set up lighting and where to place lights, cameras and related equipment. He was instructed where and when to move the equipment. At the time he was injured, the key grip had told him to get some equipment from a company truck. Substantial evidence supports the Board's finding that he was not free from the direction and control of employer at the time of his injury.

■ Liberty argues that, even if the Board's finding is supported by substantial evidence, it erred in not making findings on all eight factors listed in ORS 701.025. The statute defines "independent contractor" by reference to eight standards. Although the statute does not explicitly state that each of the eight standards must be met to establish status as an independent contractor, its language indicates that that was the legislature's intent. The introductory paragraph states that an individual is an independent contractor "if the *standards* of this section are met." Moreover, each of the eight standards is joined by the conjunctive "and."

---

[1] ORS 701.025 was renumbered ORS 670.600 in 1991.

Because the statute requires that all eight standards be met before a claimant is considered an independent contractor, the failure to meet the criteria in subsection (1) was dispositive. The Board was not required to address the other factors.[2]

Affirmed.

---

[2] Liberty relies on *Timberline Lodge v. Kyle*, 97 Or App 239, 775 P2d 899 (1989). That case is distinguishable. There, the issue was whether the evidence in the record supported the Board's determination that the claimant's injury was work-related. We remanded the case, because the Board had not made specific findings as to some of the required factors. We could not affirm the compensability of the claim when the necessary requirements were not supported by findings. In contrast, we do not need further findings here, because the failure to meet even one requirement means that the statutory definition of an independent contractor is not satisfied.