Argued and submitted October 9, 1992, on petition and cross-petition, reversed and remanded for reconsideration July 7, 1993

HDG ENTERPRISES, INC.,
dba Modern Floor Covering Co.,
*Petitioner - Cross-Respondent,*

*v.*

The filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent,*

*and*

SAIF CORPORATION,
*Respondent - Cross-Petitioner.*

(90-10-018; CA A72994)

856 P2d 1037

Inge D. White, Roseburg, argued the cause for petitioner - cross-respondent. With her on the briefs was Dole, Coalwell & Clark, P.C., Roseburg.

Leary C. Jones, Salem, waived appearance for respondent National Council on Compensation Insurance.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondent - cross-petitioner. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Employer is a retailer, primarily in the business of selling floor coverings. SAIF is its workers' compensation insurance carrier. In May, 1990, SAIF conducted a premium audit of employer's payroll for 1989, which resulted in an adjustment to reflect payments made to 13 installers during that time period. Employer requested a hearing before the Department of Insurance and Finance (DIF), arguing that the 13 installers were independent contractors and not employees subject to workers' compensation insurance premium assessments. DIF concluded that all 13 installers were subject workers for the first three quarters of the year, January 1 to October 3, 1989, and that 12 of the 13 were subject workers for the last quarter of 1989. It affirmed the audit with the exception of the premium assessed for one installer in the fourth quarter and ordered SAIF to rebill employer. Employer assigns error to DIF's ruling.

The time period covered by the final premium audit was from January 1, 1989, to December 31, 1989. On October 4, 1989, new legislation became effective that defined "independent contractor" for workers' compensation purposes. ORS 670.600.[1] Therefore, we analyze this case in two time

---

[1] ORS 670.600 provides:

"As used in various provisions of ORS chapters 316, 656, 657 and 701, an individual or business entity that performs labor or services for remuneration shall be considered to perform the labor or services as an 'independent contractor' if the standards of this section are met:

"(1) The individual or business entity providing the labor or services is free from direction and control over the means and manner of providing the labor or services, subject only to the right of the person for whom the labor or services are provided to specify the desired results;

"(2) The individual or business entity providing labor or services is responsible for obtaining all assumed business registrations or professional occupation licenses required by state law or local government ordinances for the individual or business entity to conduct the business;

"(3) The individual or business entity providing labor or services furnishes the tools or equipment necessary for performance of the contracted labor or services;

"(4) The individual or business entity providing labor or services has the authority to hire and fire employees to perform the labor or services;

"(5) Payment for the labor or services is made upon completion of the performance of specific portions of the project or is made on the basis of an annual or periodic retainer;

"(6) The individual or business entity providing labor or services is

periods: the first, from January 1 to October 3, 1989; the second from October 4 to December 31, 1989. *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 121 Or App 402, 854 P2d 944 (1993).

For the first time period, we apply the common law right to control test to determine if the installers were subject workers. The elements to be examined are: (1) the right to or the exercise of control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to terminate. We review DIF's findings for substantial evidence and to determine whether the findings support its conclusions as a matter of law. *Salem Decorating v. Natl. Council on Comp. Ins.*, 116 Or App 166, 171, 840 P2d 739 (1992), *rev den* 315 Or 643 (1993); *Castle Homes, Inc. v. Whaite*, 95 Or App 269, 769 P2d 215 (1989).

registered under ORS chapter 701, if the individual or business entity provides labor or services for which such registration is required;

"(7) Federal and state income tax returns in the name of the business or a business Schedule C or farm Schedule F as part of the personal income tax return were filed for the previous year if the individual or business entity performed labor or services as an independent contractor in the previous year; and

"(8) The individual or business entity represents to the public that the labor or services are to be provided by an independently established business. Except when an individual or business entity files a Schedule F as part of the personal income tax returns and the individual or business entity performs farm labor or services that are reportable on Schedule C, an individual or business entity is considered to be engaged in an independently established business when four or more of the following circumstances exist:

"(a) The labor or services are primarily carried out at a location that is separate from the residence of an individual who performs the labor or services, or are primarily carried out in a specific portion of the residence, which portion is set aside as the location of the business;

"(b) Commercial advertising or business cards as is customary in operating similar businesses are purchased for the business, or the individual or business entity has a trade association membership;

"(c) Telephone listing and service are used for the business that is separate from the personal residence listing and service used by an individual who performs the labor or services;

"(d) Labor or services are performed only pursuant to written contracts;

"(e) Labor or services are performed for two or more different persons within a period of one year; or

"(f) The individual or business entity assumes financial responsibility for defective workmanship or for service not provided as evidenced by the ownership of performance bonds, warranties, errors and omission insurance or liability insurance relating to the labor or services to be provided."

DIF found:

"In a typical sales transaction, a customer first contacted [employer] to purchase floor covering. Floor coverings were sold to customers by [employer] at a price which included installation. [Employer's] salesperson would assist the customer in selecting the floor covering and would measure the area in which the floor covering was to be installed or otherwise determined the amount of material required. The sales staff usually drew a rough sketch of the room in which the floor covering was to be installed. This rough sketch would contain a suggested position for any seams as well as other details of the installation.

"Once the customer had agreed to purchase floor covering at a specified price, [employer] selected an installer. The selection of a particular installer was determined by ability to do the work, availability to do the work to coincide with the customer's schedule, cleanliness, personality, and the ability to get along with the customer.

"[Employer] had written agreements with the 13 installers at issue in this case, although some of the contracts were signed after work was completed. * * * [Employer] used a form contract which was drafted by its legal counsel. It is unclear whether there was a contract for the prior year in every case, but the majority of the contracts were renewed."

DIF concluded that employer had a substantial degree of control it could exercise "if it so chose." It also found that, although employer "did not physically supervise the installations, [it] did regulate the quality of the work, and it was [employer] to whom the customer turned if there was a problem with the quality of the installation." DIF found that the installers purchased and maintained their own equipment, that employer paid its installers twice per month and that employer "believed it had no right to fire an installer unless the installer failed to perform as specified by the written agreement." DIF concluded that the control factor and the right to fire factor were neutral, that the equipment factor indicated independent contractor status and that the method of payment factor indicated an employer-employee relationship. It therefore held that the right to control test was inconclusive. It then applied the relative nature of the work test, *Woody v. Waibel*, 276 Or 189, 197, 554 P2d 492 (1976), and under that test concluded that the 13 installers were subject workers.

We review DIF's findings for substantial evidence. However, whether a right to control exists under the facts as found is a question of law for the court. Substantial evidence supports DIF's findings, and we agree with its conclusions on the latter three factors of the right to control test. However, we do not agree with DIF's conclusion that the control factor of that test was neutral. In analyzing this factor under the common law right to control test, the question is not how much control the employer actually exercises, but how much control it has the right to exercise. *Lockard v. The Murphy Co.*, 49 Or App 101, 104, 619 P2d 283 (1980), *rev den* 290 Or 519 (1981).

As DIF's findings reveal, employer had the right to exercise significant control over the installers. DIF stated that the written agreements between employer and the installers provided that each

"installer was to perform an installation '*at such times and in such places as [employer] shall request*' and that the installer 'will make such installation *in accordance with such work orders, blueprints and specifications as [employer] shall furnish.*' " (Emphasis supplied.)

Moreover, DIF found that

"[t]he written agreement is replete with references indicating the degree of control [employer] could exercise if it so chose. [Employer] was specific about the nature and quality of the finished product desired. While [employer] did not physically supervise the installations, [employer] did regulate the quality of the work, and it was [employer] to whom the customer turned if there was a problem with the quality of the installation."

We conclude, under the facts found, that employer had the right to exercise control over how the installations were done, and in most cases exercised that control through the use of specifications in the work order. Therefore, the right to control test indicated an employer-employee relationship. *See Salem Decorating v. Natl. Council on Comp. Ins., supra*, 116 Or App at 170. Accordingly, for different reasons, we agree with DIF's conclusion that the 13 installers were subject

workers for the period January 1 to October 3, 1989, and uphold DIF's order to that extent.[2]

Employer also contends that five installers — Kyllo, Palmer (for Palmer Floors), David, Collier and Nelson — were statutorily exempt from assessment for the first three quarters because they were licensed by the Employment Division. It is undisputed that, before October 4, 1989, the installers who were licensed by the Employment Division were conclusively presumed to be independent contractors. *Former* ORS 656.029(3) (*repealed by* Or Laws 1989, ch 762, § 5) provided:

> "A person, other than a partnership engaged in work performed in direct connection with the construction, alteration, repair, improvement, moving or demolition of an improvement on real property or appurtenances thereto, who submits proof of compliance with ORS 657.042, *is conclusively presumed to be an independent contractor* and is not eligible to receive benefits under this chapter unless the person has obtained coverage for such benefits pursuant to ORS 656.128." (Emphasis supplied.)

Employer asserts that during some or all of the period from January 1 to October 3, 1989, the five installers listed above were licensed by the Employment Division, and contends that DIF's findings on this issue are inconsistent with the record. It requests a remand for findings on which installers were exempt, under *former* ORS 656.029(3), and for rebilling relating to premiums assessed based on payments made to these installers during that period.

The record shows, however, that SAIF recognized the exception for those workers conclusively classified as independent contractors. In its final premium audit billing, SAIF stated:

> "Charges have not been made for those earnings of subcontractors that were paid prior to October 3, 1989 in cases where the subcontractor is known to have met the exception to the subcontractor law and was filed and certified through the Employment Division. Please check this list of names and if any of those charged prior to October 3, 1989, in fact, maintain registration, please forward that information."

---

[2] Because we do not agree that the right to control test was inconclusive, it is unnecessary to address the relative nature of the work test.

SAIF exempted all but the fourth quarter earnings (earnings after October 4, 1989) for the five installers employer lists as having been exempt up to October 3. There is no evidence that employer was improperly billed for the five installers during the first three quarters. Accordingly, there is no need for remand on this issue.

With regard to the time period from October 4 to December 31, 1989, after the enactment of ORS 670.600, the elements of the statute control the determination of independent contractor status. *Blackledge Furniture v. Natl. Council on Comp. Ins.*, 121 Or App 409, 854 P2d 942 (1993). DIF found that the installers met all the criteria in subsections (1) through (6), except for Collier, who failed to meet subsection (6). It concluded that Collier was a subject employee. Under subsection (7), DIF found that "only Shepard was shown to have filed income tax returns" and concluded that Shepard was an independent contractor for that period. It found that no other installers were shown to have filed tax returns and concluded that the remaining 11 installers were employees. DIF made no findings with respect to subsection (8). Because all eight elements of ORS 670.600 must be satisfied before a worker may be considered an independent contractor, DIF should make findings relating to this subsection on remand. *Liberty Northwest Ins. Corp. v. Potts*, 119 Or App 252, 850 P2d 1135 (1993).

Employer assigns error to DIF's findings and conclusions regarding the elements of ORS 670.600. It first asserts that the final premium audit billing in this case alleged only the failure of the installers to meet subsection (1) of ORS 670.600, and that it should not have been required to present evidence on the factors in (2) through (8). Essentially, employer is arguing that it lacked notice of the issues to be determined at the hearing. However, the record demonstrates that employer knew that the status of the installers for the fourth quarter would be determined under ORS 670.600 and that that statute required that the installers meet each subsection of the provision. Employer may not now argue that it had no obligation to show compliance with the requirements of that statute.

Employer next argues that DIF's finding that Collier did not meet subsection (6) is not supported by the record.

DIF stated that "there was no evidence presented that he was registered with the [Construction Contractors Board (CCB)] as required by subsection (6)." However, there are several documents admitted as exhibits that show state that Collier had a valid certification number from the CCB. Nonetheless, DIF found that there was *no* evidence of compliance. When the record, viewed as a whole, would permit a reasonable person to make a finding, substantial evidence supports that finding. ORS 183.482(8)(c). Here, the record does not permit a reasonable person to make a finding that there was no evidence of compliance. We remand for reconsideration on this issue. *See Younger v. City of Portland*, 305 Or 346, 752 P2d 262 (1988).

Employer's next argument and SAIF's cross-petition involve the same issue. DIF found that, of the 12 remaining installers after Collier was eliminated, only Shepard had complied with the requirement of ORS 670.600(7) that federal and state income tax returns for the business be filed for the previous year. Employer points to evidence in the record that all of the installers, with the exception of Thomas, were registered with the CCB under ORS 701.035(1) and contends that DIF erred as a matter of law in finding that the installers were not in compliance with subsection (7). Employer reasons that in order to be registered with the CCB, a person must be an independent contractor as defined by ORS 670.600. One of the qualifications under ORS 670.600 is that the person, in the previous year, has filed state and federal income tax returns for the business. Employer asserts that it follows, as a matter of law, that if the CCB allowed the person to register as an independent contractor, the requirement as to tax returns must have been satisfied. In its cross-petition, SAIF argues that substantial evidence does not support DIF's finding that installer Shepard had complied with subsection (7), because the only evidence that he had filed a tax return for his business in the previous year was his registration with the CCB.[3]

ORS 701.035(1) provides that "[a]n applicant must qualify as an independent contractor, under ORS 670.600, to

---

[3] Employer concedes that there is no direct evidence in the record to support the finding that Shepard filed business tax returns.

register with the board."[4] DIF noted in its conclusion that despite the language of ORS 701.035(1), ORS 701.055(9) states: "Registration under this chapter is prima facie evidence that the registrant conducts a separate, independent business." It held that because ORS 701.055(9) did not use the language "independent contractor," ORS 701.035(1) did not apply as a legal presumption of compliance with ORS 670.600.

We agree with DIF that registration with the CCB is not conclusive proof that the registrant is an independent contractor. Registration is prima facie evidence only of the fact that the registrant "conducts a separate, independent business." Unlike *former* ORS 656.029(3), it does not give rise to a conclusive presumption as a matter of law. Nonetheless, we believe that registration with the CCB is evidence from which DIF may reasonably draw an inference that the person did file tax returns for the business. Accordingly, DIF properly conducted an independent assessment of the elements of ORS 670.600 to determine whether the installers were independent contractors during the fourth quarter. Based on the evidence, it was permissible for DIF to find that Shepard had complied with subsection (7) because of his registration with the CCB. The problem with that finding, however, is that it is inconsistent with DIF's findings regarding the other installers who were also registered with the CCB. Because DIF appears to draw opposite inferences from essentially the same evidence, we remand for its determination of whether, based on the whole record, the installers were in compliance with ORS 670.600.

Finally, employer contends that SAIF is estopped from assessing additional premiums because, in its final

---

[4] The remainder of the statute provides:

"(2) The board shall establish two classes of independent contractor registration:

"(a) The nonexempt class is a sole proprietor, partnership or corporation with employees or a partnership without employees.

"(3) If a registrant who qualifies for registration under paragraph (b) of subsection (2) of this section hires one or more employees, the registration is invalid and reapplication shall be made.

"(4) The decision of the board that a registrant is an independent contractor applies only when the registrant is performing work of the nature described in ORS 701.055 and 701.060."

order, DIF allegedly failed to comply with ORS 183.470(2) by not stating findings of fact or conclusions of law with respect to employer's estoppel argument. On February 12, 1992, DIF issued an amended final order in this case. On this issue, DIF stated in its finding of fact that "SAIF made no false representation of any material facts to [employer]." However, it did not state its conclusion of law on this point as it had in the previous order. On remand, DIF should include in its order its conclusion of law concerning employer's estoppel argument.

On petition and cross-petition, reversed and remanded for reconsideration.