In the Matter of the Petition of
## CRISSTAD ENTERPRISES, INC.,
*Petitioner - Cross-Respondent,*

*v.*

The Filings of the
## NATIONAL COUNCIL ON COMPENSATION INSURANCE,
*Respondent below,*

*and*

## SAIF CORPORATION,
*Respondent - Cross-Petitioner.*

(88-11-026; CA A68861)

847 P2d 896

Kelly E. Ford, Beaverton, argued the cause and filed the briefs for petitioner - cross-respondent.

Michael W. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondent - cross-petitioner. With him on the briefs were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs* and Durham, Judges.

RIGGS, J.

---

* Riggs, J., *vice* Joseph, C. J., retired.

**RIGGS, J.**

Petitioner seeks review of an order of the Department of Insurance and Finance (DIF) partially upholding the results of a premium audit conducted by respondent SAIF, petitioner's insurer. SAIF cross-petitions for review. We reverse in part and affirm in part.

Petitioner was in the wood chip business in northeast Oregon. It hired shearers — owner operators of timber harvesting machines — to "fell" and stack logs. After the logs were stacked, employees, called skidders, used tractor-like vehicles called skidding machines to drag the logs to a chipper. The skidders did not begin their work at a site until several months after the shearers finished their work.

SAIF's audit classified the shearers as subject workers for whom petitioner would be charged premiums. Also, SAIF classified the skidders as loggers, a high premium classification. Petitioner challenged the results of the audit in a contested case before DIF. In its final order, DIF held, *inter alia*, that the skidders were properly classified as loggers and that the shearers were employees for whom workers' compensation premiums must be paid. On reconsideration, DIF found that the shearers were exempt from workers' compensation under ORS 656.027(14)(a), but otherwise affirmed the final order.

■ Petitioner first argues that it should not have the burden of proving that SAIF's audit results were wrong. We review for errors of law. ORS 183.482(8)(a). In a ratings case, the burden of proof falls to the party seeking redress before DIF. *Salem Decorating v. Natl. Council on Comp. Ins.*, 116 Or App 166, 170, 840 P2d 739 (1992). Because petitioner sought redress before DIF, it had the burden of proof.

■ Petitioner also assigns error to the classification of its skidders as loggers. The classification of workers in Oregon for workers' compensation premium assessment is controlled by a publication called the *Scopes of Basic Manual Classifications*. This publication provides two possible classifications for skidders: logging and chipping. The order on reconsideration reads:

> "As long as no logging operations of any kind are taking place at the time that the skidders are working, there [sic] payroll

should be classified in [chipping] as they are part of the chipping operation. If any logging operations are taking place at the site, then the skidding should be classified in [logging]."

However, the order on reconsideration also found that "[t]he portable chipping operation takes place approximately three to four months after the logging is complete." Nevertheless, DIF classified the skidders as loggers. That conclusion is inconsistent with its finding. We reverse and remand for consideration of the classification of the skidders.

■ SAIF cross-petitions for review of the classification of the shearers as non-subject workers. ORS 656.027(14)(a) provides:

"All workers are subject to [workers' compensation] except those nonsubject workers described in the following subsections:

"* * * * *

"(14) A person who has an ownership or leasehold interest in equipment and who furnishes, maintains and operates the equipment. As used in this subsection equipment means:

"(a) A motor vehicle used in the transportation of logs, poles or piling."

SAIF does not contest the fact that the shearers own and operate their equipment. Instead, it uses the legislative history of ORS 656.027 as well as a tortured interpretation of OAR 437-80-005(81), which defines motor vehicles, to argue that the shearer's machines are not "motor vehicles."[1] However, the meaning of the statute and rule is plain. If the

---

[1] OAR 437-80-005(81) defines vehicles as

"Any carrier that is not manually propelled;

"* * * * *

"(a) Commercial-type vehicles — motor vehicles designed, used or maintained primarily for the transportation of persons or materials over private or public roads.

"* * * * *

"(b) Industrial-type vehicles-tractors designed for non-highway usage * * *."

SAIF argues that a shearer's tractor is an "industrial-type vehicle" and that, because the definition of "industrial-type vehicles" does not use the term "motor vehicle," a

equipment is a vehicle, has a motor and moves logs, ORS 656.027(14)(a) applies. The order on reconsideration correctly concluded that the shearers are non-subject workers under ORS 656.027(14)(a). We do not address the remaining assignments of error.

On petition, reversed and remanded for reconsideration of the classification of the skidders; otherwise affirmed on petition and on cross-petition.

---

tractor is *not* a motor vehicle. The logic of this argument eludes us and we can only respond in kind: "T'was brillig and the slithy toves did gyre and gimble in the wabe." Carroll, *Through the Looking Glass* (1872).