Argued and submitted January 25, affirmed on petition and on cross-petition
April 21, 1993

## R. C. OGDEN, INC.,
*Petitioner - Cross-Respondent,*

*v.*

The Filings of the
## NATIONAL COUNCIL ON
## COMPENSATION INSURANCE,
*Respondent,*

*and*

## SAIF CORPORATION,
*Respondent - Cross-Petitioner.*

(91-01-016; CA A73667)

850 P2d 1146

Robert J. Thorbeck, Salem, waived oral argument for petitioner - cross-respondent.

Michael Whitty, Special Assistant Attorney General, Salem, argued the cause for respondent - cross-petitioner.

With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent National Council on Compensation Insurance.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Petitioner R. C. Ogden, Inc., and respondent SAIF both seek review of a decision of the Department of Insurance and Finance (DIF) in this premium audit dispute. ORS 183.480; ORS 183.482.

Petitioner had logging contracts with several timber owners. Steve Richmond, dba Richmond Timber Products, worked for petitioner as a cutter. Richmond later worked for petitioner using his own skidder – a motorized vehicle used to transport logs from the "fell" site to the transport site.

■■ SAIF is the insurer. Its audit of petitioner's account classified Richmond as a subject worker, and SAIF charged petitioner a premium based on wages paid to Richmond for his work as a cutter. SAIF also charged a premium based on an amount paid to Richmond for his work with the skidder. Petitioner appealed the assessment to DIF.[1] In its final order on reconsideration, DIF held that Richmond was a subject worker while working as a cutter and that the assessment properly included amounts paid to him for that job. DIF held, however, that Richmond was exempt from coverage under ORS 656.027(14)(a) for his skidder operations.

Petitioner assigns error to DIF's determination that Richmond was a subject worker while working as a cutter. DIF's findings are supported by substantial evidence, and they support the conclusion that Richmond was a subject worker while working as a cutter. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988).

On cross-petition, SAIF assigns error to DIF's conclusion that Richmond was not petitioner's employee for purposes of his skidder operations. The thrust of SAIF's argument is that skidders are not "motor vehicles" under ORS 656.027(14)(a), and that, therefore, Richmond was a subject worker. SAIF is incorrect. *Slater Logging, Inc. v. Natl. Council on Comp. Ins.*, 119 Or App 168, 849 P2d 548 (1993); *Crisstad Enterprises v. Natl. Council on Comp. Ins.*, 118 Or App 416, 847 P2d 896 (1993). Richmond was exempt from coverage under ORS 656.027(14)(a) for his skidder

---

[1] Petitioner does not challenge the portion of DIF's order relating to another worker.

operations, and SAIF incorrectly charged petitioner premiums based on amounts paid to him for those operations.

Affirmed on petition and on cross-petition.