Argued April 18, affirmed June 25, 1979

COLLINS, *Respondent,*
*v.*
ANDERSON, et ux, *Petitioners.*
(No. 78-819, CA 12666)
596 P2d 1001

J. Michael Alexander, Salem, argued the cause for petitioners. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

James D. Vick, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Employer appeals the determination of the Workers' Compensation Board (Board) that claimant is entitled to compensation benefits for an industrial injury. The sole issue is whether claimant is a worker or an independent contractor.

ORS 656.005 provides:

> "* * * * *
>
> "(16) 'Employer' means any person, including receiver, administrator, executor or trustee, and the state, state agencies, counties, municipal corporations, school districts and other public corporations or political subdivisions, who contracts to pay a remuneration for and *secures the right to direct and control the services of any person.*
>
> "* * * * *
>
> "(30) 'Worker' means any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, *subject to the direction and control of an employer* * * *."
> (Emphasis added.)

Under this statute the right to control is an essential inquiry in drawing the line between a worker and an independent contractor. *Woody v. Waibel,* 276 Or 189, 554 P2d 492 (1976); *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 185 P2d 891 (1947).

The essential facts are undisputed. Employer operates a sheetrock contracting business as a partnership. The business maintains no regular employees. Mrs. Anderson keeps the books and manages the business office. Mr. Anderson bids on sheetrock jobs as a subcontractor on construction projects. If he is awarded the subcontract he hires nailers, tapers and sprayers to do the work. These workers are hired from a pool of sheetrock installers who work for different sheetrock subcontractors as the jobs are available. The sheetrock installers are paid by the square foot of material installed. There is no negotiation in the price employer will pay and if the price is not acceptable the installers reject the job.

Employer supplies all the necessary materials and delivers the materials to the job site. The installers provide their own tools and set their own work schedule. Employer generally takes the installers to the job site and periodically inspects their work. Employer is responsible to the builder for any deficiencies and corrects any mistakes at his own expense.

The installers also work for other builders in the area. Although the installers do not generally sign contracts on other jobs, employer requires the installers working for him to sign an independent contractor's agreement specifically acknowledging their responsibility to pay taxes and insurance.[1]

Nailing is usually done by teams of two men to facilitate lifting of the sheetrock panels. A partner selected by a nailer is subject to the approval of the employer. If a nailer does not perform satisfactorily he could be discharged by employer or not offered subsequent installation jobs.

Claimant, a nailer, contacted employer because he was out of work and experiencing financial problems. He had sold his tools. Employer hired him to nail sheetrock on four sheetrock jobs and paid him the standard per foot price. Employer provided him with the necessary tools and deducted the cost of the tools from the money earned on one of the jobs. After the last job was completed claimant was still in need of work and employer loaned him tools to do patchwork on sheetrock which had recently been installed. He was paid $60 for the patchwork. Employer instructed him to keep track of the hours he worked in order to determine if the pay was fair. Claimant testified he was paid on an hourly basis. Claimant was injured while completing the patchwork job.

The analysis in *Bowser v. State Indus. Accident Comm., supra,* focuses on the statutory test of the

---

[1] The existence of a contract designating an individual as an independent contractor is not controlling. *See Woody v. Waibel,* 276 Or 189, 554 P2d 492 (1976).

right of an employer to control the putative workman. If the requisite right of control exists the relationship of employer and employee is established even though the control is not actually exercised. The *right* of control is the critical inquiry. By focusing on the factors set out in *Bowser v. State Indus. Accident Comm., supra*, we agree with the conclusion of the Board that "* * * the evidence is abundant that [employer] exercised the requisite degree of control over claimant to bring him within the Act. * * *"

Employer had the right to discharge any of the sheetrock installers without incurring any liability to them under the contract. He also retained the right to approve any assistant the nailers engaged and could discharge that assistant. The right to fire a person doing work without liability is a prime indicator of an employer-employee relationship. *See Bowser v. State Indus. Accident Comm., supra.* In contrast, a true independent contractor can seek damages under the contract if he is terminated.

A worker who is subject to being fired must perform his work to please the employer or lose his job. The effect of the employer's right to discharge was to require claimant to do exactly as he was told. This is the same element of control that the ordinary employee is subject to in the performance of his job.

Employer also exercised considerable control over the sheetrock installers. He assigned them to a particular job and transported them to the job site each morning. He periodically checked the quality of their work and was available to respond to their inquiries concerning the installation. The employer had a legitimate interest in supervising the installer's performance because he was responsible to the general contractor for the quality of the job. If the installation job was deficient employer had to correct the deficiency at his own expense. An independent contractor would, under ordinary circumstances, be responsible for any defects in workmanship.

Although the relationship between employer and claimant had certain indicia of an independent contractor status we conclude on balance the indicia of control indicating an employer-employee relationship predominates. Claimant is a worker entitled to benefits under the Workers' Compensation Act and employer is a noncomplying employer. The order of the Board is affirmed.

Affirmed.