Argued and submitted November 16, 1988, affirmed on petition and on cross-petition
February 22, 1989

In the Matter of the Compensation of
Leora J. Whaite, Claimant, and
In the Matter of the Complying Status of
Castle Homes, Inc., Employer;
Richard J. Carney, individually, and
Dirk G. Stangier, individually.

CASTLE HOMES, INC., et al,
*Petitioners - Cross-Respondents,*

*v.*

WHAITE,
*Respondent - Cross-Petitioner,*

*and*

SAIF CORPORATION,
*Respondent - Cross-Respondent.*

(WCB No. 86-17464; CA A47482)

769 P2d 215

Michael J. Martinis, Salem, argued the cause for petitioners - cross-respondents. With him on the brief was Webb and Martinis, Salem.

William E. McCann, Bend, argued the cause and filed the brief for respondent - cross-petitioner.

No appearance for respondent - cross-respondent SAIF Corporation.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

In this proceeding to determine whether Castle Homes is a noncomplying employer under the Workers' Compensation Act, the question is whether claimant, a mobile home salesperson, was, at the time she was injured, an employe of Castle or an independent contractor. The referee determined that she was an employe and that Castle was a noncomplying employer. Castle seeks review of the determination that it is a noncomplying employer. Claimant cross-petitions, seeking attorney fees. We review pursuant to ORS 183.480 and ORS 183.482. We affirm on both the petition and the cross-petition and write only to address the question raised by the petition.

Claimant has sold mobile homes for many years. She first approached Kline, Castle's lot manager, in January, 1986, for the purpose of seeking to associate with the company in order to follow up on some sales leads. Claimant could not sell homes on her own, because she was not a licensed dealer. Kline told claimant that she could work at the dealership on Sundays so that he could take the day off. Gradually, claimant began coming in every day and the work became full time. Although Kline did not require her to do so, claimant usually opened the lot office at 9 a.m., as is the custom in the industry, and worked until closing. She was injured in February, 1986, when she fell over a telephone cord at a mobile home factory while negotiating a sale. For two weeks in April, 1986, Kline went on vacation, and claimant was the only salesperson on the lot. Claimant stopped working for Castle Homes in May, 1986, when she was "fired" by Kline. In September, 1986, she filed a claim for workers' compensation benefits allegedly due as a result of the February injury, which Castle denied on the ground that claimant was an independent contractor.

The test for determining who is a subject worker within the meaning of the Workers' Compensation Act is the employer's right to control the performance of the services. ORS 656.050(14) and (27). The test requires an application of the traditional "right to control" analysis and a consideration of the "nature of the work." *Woody v. Waibel,* 276 Or 189, 196, 554 P2d 492 (1976). Although in some cases there may be questions of fact concerning the employment arrangement between the parties, where, as here, the facts are generally

undisputed, the question of the nature of the employment relationship is one of law. 276 Or at 192 n 3.

■ ■     The principal factors in the traditional test of the right to control are: (1) direct evidence of the right to, or the exercise of, control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to fire. *Henn v. SAIF,* 60 Or App 587, 591, 654 P2d 1129 (1982), *rev den* 294 Or 536 (1983). The second and third factors are not particularly significant in this case. Claimant was paid strictly on commission, 10 percent of the gross profit on each sale. That method of payment is a neutral factor in determining the right to control. *Henn v. SAIF, supra,* 60 Or App at 592. The nature of the equipment furnished by Castle is not particularly significant and does not lead to an inference of a right to control the method of selling. *See* 1C Larson, *Workman's Compensation Law* § 44.34(g). The undisputed evidence concerning the remaining factors leads us to conclude that claimant was an employe.

The parties had no written employment contract. The evidence shows that claimant was independent in much of her work and that Kline in fact exercised little control over the details of her activities. Both claimant and Kline testified that claimant was not supervised. She was free to sell homes in any manner she chose. There were no company practices for claimant to follow and no company quotas or other requirements. She could follow her own sales leads. Claimant did not have to attend any sales meetings; there were none.

Although Kline did not, in fact, exercise control over many of the details of claimant's work, he did exercise control in certain significant respects. He implicitly required that she be present on the lot on all Sundays. He had to approve all financing, modifications in home design and sales for less than the listed price. Those aspects of the business are not mere "details." They are the most significant components of a sales transaction and indicate that Castle had the right to control claimant's work when it chose to do so.

Other factors lead us to conclude that Castle had a right to control claimant. Kline "fired" her; that is, he told her to leave, because she was no longer needed on the sales lot on Sundays and because her nervous behavior was driving customers away. That is evidence that Kline at least believed that

he had the right to terminate Castle's relationship with claimant at will, a situation that is not consistent with an independent contractual relationship, because it suggests a right to control. 1C Larson, *supra,* § 44.35; *see Collins v. Anderson,* 40 Or App 765, 596 P2d 1001 (1979); *Carlile v. Greeninger,* 35 Or App 51, 580 P2d 588 (1978).

Additionally, certain factors about the nature of claimant's work and Castle's business persuade us that claimant should be treated as an employe for purposes of workers' compensation. She was, according to her uncontradicted testimony, responsible for the sales lot much of the time, including Sundays, many mornings and the two week period when Kline was on vacation. Although claimant was apparently free to associate with other dealerships, she did not. Claimant worked virtually full time for Castle and was permitted to hold herself out as an associate, as evidenced by the fact that the company provided her with business cards. The selling of mobile homes was not only an integral part of the business of Castle Homes, it was, as far as the record shows, the only business of the company. Claimant was an essential part of that business. *See* 1C Larson, *supra,* § 45.20. We conclude that she was an employe and, therefore, we affirm the Board's determination that Castle was a noncomplying employer.[1]

Affirmed on petition and on cross-petition.

---

[1] This case is distinguishable from *Henn v. SAIF, supra,* where we held that the claimant, a magazine sales representative, was an independent contractor. There, the evidence did not show that the claimant could be terminated for any reason other than a violation of her agreement with the putative employer. Additionally, in *Henn,* we did not consider the nature of the work. We do not comment on the correctness of our statement in *Henn* that it is not appropriate to consider the nature of the work unless it is impossible to determine the claimant's status under the traditional "right to control" test. In *Woody v. Waibel, supra,* however, the court seems to have mixed the two concepts by saying that the nature of the work is a factor in determining the right to control and an element of the right to control. *Woody v. Waibel, supra,* 276 Or at 197.