Argued and submitted November 22, 1991, reversed and remanded for reconsideration of status of Stephenson; otherwise affirmed February 26, reconsideration denied April 15, petition for review denied May 26, 1992 (313 Or 300)

## PREMSINGH & ASSOCIATES, INC.,
*Petitioner,*

*v.*

The filings of the
## NATIONAL COUNCIL ON
## COMPENSATION INSURANCE
and SAIF Corporation,
*Respondents.*

(89-05-25; CA A69469)

826 P2d 120

Glen S. Shearer, Portland, argued the cause for petitioner. With him on the brief was Schouboe & Furniss, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter A. Ozanne, Portland, waived appearance for respondent National Council on Compensation Insurance.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner seeks review of an order of the Department of Insurance and Finance (DIF) that decided that four workers in petitioner's business are employees and not independent contractors.

Petitioner used the services of four workers between October 1, 1987, and September 30, 1988.[1] It considered them independent contractors and, therefore, did not pay premiums for their workers' compensation coverage. During a premium audit, SAIF determined that they were subject employees and, after a hearing, DIF agreed. We review the DIF order for errors of law and substantial evidence. ORS 183.482.

The sole issue is whether DIF erred in concluding that the four workers were employees rather than independent contractors. Petitioner contends that DIF incorrectly applied the law to the facts and should have ruled, as a matter of law, that the workers were independent contractors.

Respondent concedes that DIF's conclusion regarding one of the workers, Stephenson, does not follow from its findings. We agree and remand for reconsideration of his status.

■ Because this case raises the "subject worker" issue, it was proper for DIF to apply the "right to control" test from *Castle Homes, Inc. v. Whaite*, 95 Or App 269, 769 P2d 215 (1989), and *Henn v. SAIF*, 60 Or App 587, 654 P2d 1129 (1982), *rev den* 294 Or 536 (1983):

> "The test for determining who is a subject worker within the meaning of the Workers' Compensation Act is the employer's right to control the performance of services. * * * The test requires an application of the traditional 'right to control' analysis and a consideration of the 'nature of the work.' * * * Although in some cases there may be questions of fact concerning the employment arrangement between the parties, where * * * the facts are generally undisputed, the question of the nature of the employment relationship is one

---

[1] In 1989, the legislature enacted a statutory formula for determining whether workers are employees or independent contractors. *See* ORS 701.025. For purposes of this case, however, we apply the law in effect at the time that the material facts occurred.

of law." *Castle Homes, Inc. v. Whaite, supra,* 95 Or App at 271 (Citations omitted.)

The principal factors in the right to control test are: "(1) direct evidence of the right to, or the exercise of, control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to fire." 95 Or App at 272.

■      DIF found that the evidence was inconclusive on one or more of the factors with respect to the other three disputed workers and it, therefore, turned to the "nature of the work" test, which takes into account

> "the character of the claimant's work or business, — how skilled it is, how much a separate calling or enterprise it is, to what extent it may be expected to carry its own accident burden and * * * its relation to the employer's business, that is, how much it is a regular part of the employer's regular work, whether it is continuous or intermittent, and whether the duration is sufficient to amount to the hiring of continuous services as distinguished from contracting for the completion of a particular job." 1C Larson, *Workmen's Compensation Law* 8-27, § 43.52 (1991).

That approach was correct, because the right to control test did not enable DIF to answer the issue. The nature of the work test is a rational method for determining the issue and is consistent with the legislative policy administered by DIF. DIF found the three workers to be employees, because the evidence was still not sufficient to permit it to make a finding that they were independent contractors. Substantial evidence supports the finding. It was petitioner's burden to establish that they were not employees. DIF did not err in applying the tests that it did in reaching its conclusions.

■      Petitioner contends that, because it put on evidence that the workers were independent contractors, the burden of proof should have shifted to SAIF to prove their employee status. It relies on *Strawn v. Commission,* 1 OTR 98 (1962), *mod* 236 Or 299, 388 P2d 286 (1964), and OEC 307. *Strawn* was a tax appeal that held that a legal presumption of assessment validity shifted the burden of proof to the party challenging the assessment. *Strawn v. Commission, supra,* 1 OTR at 164. Petitioner does not explain, and we do not perceive, how its holding applies to this proceeding.

According to the legislative commentary to OEC 101, "[c]urrently, the rules of evidence except those of privilege do not apply to administrative agencies in contested cases. ORS 183.450." Kirkpatrick, *Oregon Evidence* 3 (2d ed 1989). Because OEC 307 is inapplicable to this proceeding, it does not support petitioner's contention.

Reversed and remanded for reconsideration of status of Stephenson; otherwise affirmed.