Argued and submitted December 2, 1991, affirmed November 4, reconsideration denied December 23, 1992, petition for review denied March 23, 1993 (315 Or 643)

In the Matter of the Petition of

## SALEM DECORATING CENTER, INC.,
*Petitioner,*

*v.*

The filings of the
## NATIONAL COUNCIL ON COMPENSATION INSURANCE,
*Respondent below,*

*and*

## SAIF CORPORATION,
*Respondent.*

(89-08-08; CA A68440)

840 P2d 739

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Salem Decorating Center (employer) is an interior decorating firm that sells window, wall and floor coverings. It seeks review of an order by the Department of Insurance and Finance (DIF) upholding the results of two premium audits by its insurer, SAIF. We affirm.

During 1988 and 1989, SAIF provided workers' compensation insurance to employer. SAIF conducted audits of employer's workers' compensation premiums for the periods April 1, 1988, through March 31, 1989, and February 21, 1989, through September 30, 1989. SAIF assessed approximately $18,000 in total additional premiums, based on its determination that some of the persons hired by employer to install its products were improperly characterized as independent contractors and that payments to those persons were improperly excluded from the subject payroll for the periods in question. Employer appealed to DIF, contesting DIF's jurisdiction over the matter and arguing that SAIF had improperly classified independent contractors as employees and that SAIF could not retroactively collect the premiums for a period when no claims were actually filed. DIF concluded that it had jurisdiction and upheld SAIF's billings. Employer seeks review.

■ Employer first argues that this is a contract dispute between it and SAIF and that DIF has no jurisdiction, because the statutes do not give DIF authority to act in this type of case. It contends that DIF's authority is limited to resolving rate disputes between insurers and employers.

DIF had authority to review this matter. ORS 737.318 specifically authorizes the director of DIF to develop and administer a premium audit program and appeal process:

"(1) A workers' compensation insurer shall maintain a premium audit program to aid in achieving equitable premium charges to Oregon employers and for the collection of credible state-wide data for ratemaking.

"(2) The director shall prescribe by rule a premium audit program system for workers' compensation insurance.

"(3) The premium audit system shall include provisions for:

"(a)   Employer education of the audit reporting function of the rating system;

"(b)   A continuous test audit program providing for auditing of all insurers;

"* * * * *

"(d)   An appeal process pursuant to ORS 737.505 for employers to question the results of a premium audit * * *."

ORS 737.505(4) provides:

"Appeals to the director pursuant to ORS 737.318 with regard to a final premium audit billing must be made within 60 days after receipt of the billing."

Under that authority, the director has adopted administrative rules governing the conduct of premium audits, OAR 836-43-110, and the appeal process. OAR 836-43-170. The rules include guides for developing audit procedures, OAR 836-43-115, and OAR 836-43-110(3) specifically governs situations where the insurer must decide if workers are employees or independent contractors:

"In addition to the requirements of Section (2) of this rule, if the premium audit billing is based in whole or part on a determination by the insurer that one or more persons are employees rather than an independent contractor, the insurer must also include with respect to each such person an explanation of that determination. The explanation must name the person, designate or describe the position or tasks for which the person is determined to be an employee and give reasons for the determination."[1]

The statutes, and the rules implementing them, are clear that DIF's jurisdiction over premium audits is not limited to resolving rate disputes.

■■    Employer also argues that, because this is a contract dispute, it is entitled to a jury trial and that, therefore, because DIF's process does not provide for a jury trial, DIF lacked authority to resolve this dispute. However, the right to a jury trial exists only " 'in the classes of cases wherein the right was customary at the time the constitution was adopted' * * * or 'cases of like nature' * * *." *Cornelison v.*

---

[1] The current version of the rule, renumbered subsection (4), effective May 9, 1990, is substantially the same, with only minor variations in the text.

*Seabold*, 254 Or 401, 405, 460 P2d 1009 (1969) (citations omitted); *see also Molodyh v. Truck Insurance Exchange*, 304 Or 290, 744 P2d 992 (1987). As the court explained in *Cornelison*, it is the particular issue in the proceeding rather than the controversy as such that dictates whether there is a right to a jury. 254 Or at 406. While there may be contract issues between the parties here that could be resolved in some other proceeding, the issue in this proceeding involves the resolution of a premium audit dispute under a statutory procedure that was established by the legislature in 1987. Employer is not entitled to a trial by jury to resolve this dispute.

4.     In its next assignment of error, employer contends that the referee erred in placing the burden of proof on it. ORS 183.450(2) provides that "[t]he burden of presenting evidence to support a fact or position in a contested case rests upon the proponent of the fact or position." As the Supreme Court has explained:

> "The general rule is that the burden of proof is upon the proponent of the fact or position, the party who would be unsuccessful if no evidence were introduced on either side. *See*, Oregon Evidence Code Rules 305-307 (replacing ORS 41.210); ORS 183.450(2)." *Harris v. SAIF*, 292 Or 683, 690, 642 P2d 1187 (1982). (Footnote omitted.)

Because employer was the party seeking redress before DIF and whose position would be defeated if no evidence were introduced on either side, it had the burden to prove that SAIF was wrong in including the payments to the installers in its subject payroll. *See Premsingh & Assoc. v. Natl. Council on Comp. Ins.*, 111 Or App 624, 627, 826 P2d 120, *rev den* 313 Or 300 (1992).

        Employer next contends that DIF erred in concluding that its installers are subject employees, as opposed to independent contractors.[2] A worker or subject employee is one who is "subject to the direction and control of an employer." ORS 656.005(27).[3] An employer is one who has

---

[2] Because the audit periods in this case are before October, 1989, we do not consider the effect of amendments to the statutes relating to independent contractors. Or Laws 1989, ch 762; *see* ORS 701.025.

[3] Subsection (27) of ORS 656.005 has been renumbered subsection (28). Or Laws 1990, ch 2, § 3.

"the right to direct and control the services of any person." ORS 656.005(13). We have held that the principal factors in applying the right to control test are:

"(1) direct evidence of the right to, or the exercise of, control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to fire." *Castle Homes, Inc. v. Whaite*, 95 Or App 269, 272, 769 P2d 215 (1989).

DIF concluded that employer had the requisite right to control its installers and made these findings in support of that conclusion:

"The record clearly shows that [employer] maintained the fundamental control over its installers by:

"(1) Initially procuring the contract with the customer;

"(2) Initially choosing the installer;

"(3) Instructing the installer on where to work and when the work had to be completed;

"(4) Supplying the primary material necessary for performance;

"(5) Paying the installer directly through Petitioner;

"(6) Maintaining the right to remove the installer from a job and to replace the installer;

"(7) Maintaining the right to withhold pay if a job was not completed properly."

■ We review DIF's order for substantial evidence to support its findings, *Power Master, Inc. v. National Council on Comp. Ins.*, 109 Or App 296, 301, 820 P2d 459 (1991), and to determine whether those findings support its conclusion as a matter of law. ORS 183.482; *see also Castle Homes, Inc. v. Whaite, supra*, 95 Or App at 272. Employer characterizes its relationship with its installers as that of "prime contractor" and "subcontractor," arguing that

"the evidence clearly reveals that these workers were all truly independent, furnishing their own tools, working for other persons, doing the job according to their own techniques and methods, being held personally responsible for inadequate performance, and generally paid by the job or the piece. The evidence also reveals that this manner of doing business was typical in the industry."

■   We conclude that DIF's findings are supported by substantial evidence and that those findings support DIF's conclusion that the workers in question were subject employees. The evidence shows that employer had some right to control the installers. After negotiating a contract with a customer, it hired a person or persons to install its products, giving the job description, location and deadline. Employer provided "decorating expertise" and coordinated completion of the job. It also had the right to monitor the progress of the work to see if the installer was doing an adequate job. If the work was not satisfactorily done, the installer had to cure the defect at his or her own expense. Employer had a strong interest in controlling the manner and method of the installer's work. *See Collins v. Anderson*, 40 Or App 765, 769, 596 P2d 1001 (1979).

As to the method of payment, the installers received payment from employer, not the customer, and were paid by the piece, job, hour or bid. As we explained in *Henn v. SAIF*, 60 Or App 587, 592, 654 P2d 1129 (1982), *rev den* 294 Or 536 (1983):

> "To the extent that [a manner of payment] indicates continuing service, it suggests employment; to the extent that it lessens an employer's interest in the details of how the employe spends her time, it has been said to suggest an independent contractor relationship."

Although the evidence shows that there was a continuing relationship, there was no evidence of a written employment contract. This factor is not determinative here. The factor of furnishing the equipment is also neutral. Both employer and its installers furnished some equipment necessary to complete the job.

Finally, we consider whether employer had the right to fire the installers. DIF found that, if a customer was dissatisfied with the installer's job, employer could withhold the installer's pay until the problem was remedied. Employer also had the right to terminate the installer before the job was completed and to replace that installer with another and could withhold future work from the installer. We conclude that DIF's findings are supported by substantial evidence and that it did not err as a matter of law in concluding that

employer's installers were subject workers for purposes of calculating workers' compensation insurance premiums.

■     In its last assignment of error, employer contends that DIF erred in holding that SAIF could retroactively collect premiums for subject workers when none of those additional workers made a claim for compensation during the time periods covered by the premiums. The premium employer paid before the audit was payment for the *estimated* risk that SAIF was to insure, not for actual injuries. *See Mock et al v. Glens Falls Indem. Co.*, 210 Or 71, 79 n 2, 309 P2d 180 (1957). Had the results of the audit shown that employer paid too much, it would have been entitled to money back, regardless of how many claims had been filed during the subject period. DIF did not err in allowing the collection of premiums.

Affirmed.