Argued and submitted February 17, reversed and remanded for reconsideration
May 19, 1993

## B. KING CONSTRUCTION, INC.,
*Respondent,*

*v.*

The Filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent Below,*

*and*

SAIF CORPORATION,
*Petitioner.*

(91-01-019; CA A74699)

852 P2d 927

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Charles C. Reynolds, Portland, argued the cause for respondent. With him on the brief was Richard O. Thomas, P.C., Portland.

Leary C. Jones waived appearance for respondent below National Council on Compensation Insurance.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

SAIF seeks review of a Department of Insurance and Finance (DIF) order holding that SAIF should not have assessed King Construction, Inc. (King) workers' compensation insurance premiums for two workers.

King is a residential drywall contractor insured by SAIF. As a drywall contractor, King supplied all the necessary materials to Crawford and Morgan, who provided their own tools, established their own schedule, and were paid on the basis of square footage for the work that they did. SAIF assessed premiums for amounts King paid to Crawford and Morgan between July 1, 1989 and June 30, 1990, because it said they were employees. King appealed to DIF. DIF determined that Crawford and Morgan were sole proprietors from July 1, 1989 through October 2, 1989. It also determined that they were either sole proprietors or independent contractors from October 3, 1989 through June 30, 1990. Their status as independent contractors was on the basis of ORS 670.600, which became effective October 3, 1989. DIF then ordered SAIF to rebill King, deleting premiums charged for Crawford and Morgan. SAIF seeks review of that order, assigning error to DIF's determination that Crawford and Morgan were either sole proprietors or independent contractors for the policy period.

■ As to the period July 1, 1989 through October 2, 1989, DIF's conclusion that Crawford and Morgan were exempt from ORS chapter 656 because they were sole proprietors is error. *Little Donkey Enterprises, Inc. v. SAIF*, 118 Or App 54, 845 P2d 1298 (1993). Because DIF made no findings concerning Crawford and Morgan's status as independent contractors during that period, we must remand for that determination.

■■ As to the period October 3, 1989 through June 30, 1990, there is substantial evidence to support DIF's order that Crawford and Morgan were independent contractors under the criteria of ORS 670.600,[1] including evidence that

---

[1] ORS 670.600 provides:

"As used in various provisions of ORS chapters 316, 656, 657 and 701, an individual or business entity that performs labor or services for remuneration shall be considered to perform the labor or services as an 'independent contractor' if the standards of this section are met:

King's only requirement was that Crawford and Morgan's work meet industry performance standards. Contrary to SAIF's argument, the fact that there is only one method to achieve an acceptable standard of performance does not mean that an individual is not "free from direction and control over

---

"(1) The individual or business entity providing the labor or services is free from direction and control over the means and manner of providing the labor or services, subject only to the right of the person for whom the labor or services are provided to specify the desired results;

"(2) The individual or business entity providing labor or services is responsible for obtaining all assumed business registrations or professional occupation licenses required by state law or local government ordinances for the individual or business entity to conduct the business;

"(3) The individual or business entity providing labor or services furnishes the tools or equipment necessary for performance of the contracted labor or services;

"(4) The individual or business entity providing labor or services has the authority to hire and fire employees to perform the labor or services;

"(5) Payment for the labor or services is made upon completion of the performance of specific portions of the project or is made on the basis of an annual or periodic retainer;

"(6) The individual or business entity providing labor or services is registered under ORS chapter 701, if the individual or business entity provides labor or services for which such registration is required;

"(7) Federal and state income tax returns in the name of the business or a business Schedule C or farm Schedule F as part of the personal income tax return were filed for the previous year if the individual or business entity performed labor or services as an independent contractor in the previous year; and

"(8) The individual or business entity represents to the public that the labor or services are to be provided by an independently established business. Except when an individual or business entity files a Schedule F as part of the personal income tax returns and the individual or business entity performs farm labor or services that are reportable on Schedule C, an individual or business entity is considered to be engaged in an independently established business when four or more of the following circumstances exist:

"(a) The labor or services are primarily carried out at a location that is separate from the residence of an individual who performs the labor or services, or are primarily carried out in a specific portion of the residence, which portion is set aside as the location of the business;

"(b) Commercial advertising or business cards as is customary in operating similar businesses are purchased for the business, or the individual or business entity has a trade association membership;

"(c) Telephone listing and service are used for the business that is separate from the personal residence listing and service used by an individual who performs the labor or services;

"(d) Labor or services are performed only pursuant to written contracts;

"(e) Labor or services are performed for two or more different persons within a period of one year; or

the means and manner of providing the labor or services" under ORS 670.600(1).

Reversed and remanded for reconsideration.

---

"(f) The individual or business entity assumes financial responsibility for defective workmanship or for service not provided as evidenced by the ownership of performance bonds, warranties, errors and omission insurance or liability insurance relating to the labor or services to be provided."