Argued and submitted February 19, on petition, reversed and remanded in part, otherwise affirmed; affirmed on cross-petition June 23, reconsideration denied September 29, petition for review allowed November 16, 1993 (318 Or 60)
See later issue Oregon Reports

## S-W FLOOR COVER SHOP,
*Petitioner - Cross-Respondent,*

*v.*

The Filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent,*

*and*

SAIF CORPORATION,
*Respondent - Cross-Petitioner.*

(90-10-009; CA A74356)

854 P2d 944

Bruce D. Smith, Medford, argued the cause and filed the briefs for petitioner - cross-respondent.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondent - cross-petitioner. With him on the brief were Charles Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Leary C. Jones, Portland, waived appearance for respondent National Council on Compensation Insurance.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

S-W Floor Cover Shop petitions for review, and SAIF cross-petitions for review, of an order of the Department of Insurance and Finance (DIF) in a premium audit dispute for the audit period July 1, 1988, to June 30, 1990.

Petitioner sells floor covering. During the audit period it used the services of Allen, Bailes and Landrum as carpet installers. SAIF issued policies for petitioner and mailed final premium audit billings, basing premium assessments on the amounts paid by petitioner to the installers. Petitioner appealed to DIF, claiming that the amounts were not subject to workers' compensation premium assessment, because the installers were independent contractors, not employees.

DIF applied traditional common law tests to determine whether Allen, Bailes and Landrum were employees or independent contractors for that portion of the audit period between July 1, 1988 and October 3, 1989. On October 3, 1989, a statutory test replaced the common law tests. *Former* ORS 701.025 (renumbered ORS 670.600 in 1991). DIF applied the statutory test for the period October 3, 1989 to June 30, 1990.

■ Petitioner argues that DIF erred by ruling that Allen, Bailes and Landrum were employees during the period before October 3, 1989. DIF first applied the traditional "right to control" test. *See Woody v. Waibel*, 276 Or 189, 196-97, 554 P2d 492 (1976). It found that, even though petitioner did not supervise installations, customers turned to petitioner if they had problems with installations, and that petitioner had the right to control the manner in which the installers did their jobs. Evidence concerning the other elements of the test, however, was inconclusive. DIF therefore applied the "relative nature of the work" test of *Woody, see Premsingh & Assoc. v. Natl. Council on Comp. Ins.*, 111 Or App 624, 826 P2d 120, *rev den* 313 Or 300 (1992), and concluded that the installers were employees for the following reasons: (1) installation of carpet was a regular and integral part of petitioner's business; (2) the price a customer was charged for floor covering included installation; (3) petitioner

had specific requirements for installations that were communicated to the installers; (4) customer complaints regarding installation were made directly to petitioner; (5) the skills needed to install floor coverings were familiar to petitioner; and (6) petitioner hired only experienced installers and those known to him. Acknowledging that the determination was "close," DIF looked to the policy outlined in *Woody* and concluded that petitioner was in a better position than the installers to pass on the cost of industrial accidents to consumers. DIF's findings are supported by substantial evidence and its findings support the conclusion that, under the common law analysis, Allen, Bailes and Landrum were employees.

■ Petitioner argues that, even if the installers were employees, it should have been held to be exempt from paying workers' compensation insurance under *former* ORS 656.027(7) for the audit period before October 3, 1989, because Allen, Bailes and Landrum were sole proprietors. It relies on our holding in *Little Donkey Enterprises, Inc. v. SAIF*, 107 Or App 400, 403, 812 P2d 25 (1991). On review of DIF's order on remand, we overruled our first decision. We held that, if a sole proprietor functions in the capacity of an employee of another, the exemption from workers' compensation coverage is inapplicable with respect to that relationship. *Little Donkey Enterprises, Inc. v. SAIF*, 118 Or App 54, 845 P2d 1298 (1993). DIF did not err in holding that Allen, Bailes and Landrum were employees of petitioner for the audit period before October 3, 1989.

■ Petitioner next argues that DIF erred in concluding that Landrum was not an independent contractor under the statutory scheme that governed the audit period between October 3, 1989 and June 30, 1990. *Former* ORS 701.025 replaced the common law tests with a list of criteria that an individual or business entity must satisfy to qualify as an independent contractor. All eight criteria must be satisfied before a worker can be considered an independent contractor. *Liberty Northwest Ins. Corp. v. Potts*, 119 Or App 252, 850 P2d 1135 (1993).

DIF held that Landrum was an employee under *former* ORS 701.025 because he did not satisfy subsection (7), which requires that:

"Federal and state income tax returns in the name of the business or a business Schedule C or farm Schedule F as part of the personal income tax return were filed for the previous year if the individual or business entity performed labor or services as an independent contractor in the previous year[.]"

DIF found evidence that Landrum filed a Schedule C return for 1989, but found that there was no evidence that he filed a Schedule C return for 1988. It held that, because Landrum did not satisfy the requirements of subsection (7) for the entire portion of the audit period governed by *former* ORS 701.025, he should be considered an employee for that entire time.

█    Petitioner argues that it was error to hold that Landrum was an employee for the period January 1, 1990, to June 30, 1990, because, by filing a Schedule C form for 1989, he satisfied the "previous year" requirement of subsection (7) for 1990. SAIF concedes that if Landrum qualified as an independent contractor under *former* ORS 701.025 for 1990, petitioner was not required to provide workers' compensation insurance for the portion of the audit period between January 1 and June 30, 1990.[1] We agree. Nothing in the statute requires that the entire audit period be governed by the law in effect at the beginning of the audit period. *See B. King Construction, Inc. v. Natl. Council on Comp. Ins.*, 120 Or App 420, 852 P2d 927 (1993). The Board erred in holding that Landrum was an employee between January 1 and June 30.

SAIF's cross-petition challenges DIF's holding that Allen and Bailes met the requirements of *former* ORS 701.025(1), which required that:

"The individual or business entity providing the labor or services is free from direction and control over the means and manner of providing the labor or services, subject only to the right of the person for whom the labor or services are provided to specify the desired results[.]"

---

[1] Petitioner also challenges DIF's holding that subsection (8) requires that an individual performing labor file a business tax return for the year in which the work was performed. Petitioner is correct that DIF misread subsection (8), but that misreading does not affect this case, because both Allen and Bailes filed such returns.

DIF examined only whether petitioner exercised actual control over the means and manner of the installers' performance of the work, not whether petitioner had the right to do so. *See Castle Homes, Inc. v. Whaite*, 95 Or App 269, 272, 769 P2d 215 (1989). It found (1) the installers performed their work without explicit instructions from petitioner; (2) the manner of performing the installation was left to the individual installer; (3) petitioner did review the work of new installers and did have certain oral agreements with the installers about the manner in which work would be billed, but did not exercise any direction and control over the means and manner in which the work was performed; and (4) petitioner was interested only in whether the floor covering was installed properly. DIF therefore held that Allen and Bailes were free from direction and control over the means and manner of providing the labor or services and concluded that they were independent contractors, because they had satisfied all the criteria of *former* ORS 701.025.

SAIF argues that legislative history suggests that there was no intent to abandon the common law standard for determining independent contractor status, and that *former* ORS 701.025(1) "was not intended to bring about a different result from what would have been reached under Oregon case law."

■■ *Former* ORS 701.025(1) contains no reference to a nature of the work test, nor to a right to control test. *Cf. Castle Homes, Inc. v. Whaite, supra*, 95 Or App at 269. We are not free to read into the statute words that are not there. ORS 174.010. Because *former* ORS 701.025 incorporated most of the factors previously recognized by case law—including the elements of furnishing of equipment, right to fire and method of payment—we conclude that the language of subsection (1) manifests a deliberate legislative policy choice to adopt a test of actual control rather than right to control. DIF did not err in limiting its examination under *former* ORS 701.025(1) to whether petitioner exercised actual control over the means and manner of the installers' performance of the work. Substantial evidence supports its finding that petitioner did not exercise actual control over the installers during the period October 3, 1989, to June 30, 1990.

On petition, reversed and remanded as to the holding that Landrum was an employee for the period January 1, 1990, to June 30, 1990; otherwise affirmed. Affirmed on cross-petition.