Argued and submitted May 14, reversed and remanded in part for reconsideration; otherwise affirmed June 23, reconsideration denied October 13, petition for review allowed November 16, 1993 (318 Or 60)
See later issue Oregon Reports

BLACKLEDGE FURNITURE CO., INC.,
*Respondent,*

*v.*

The Filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent below,*

*and*

SAIF CORPORATION,
*Petitioner.*

(91-02-012; CA A76093)

854 P2d 942

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter L. Barnhisel, Corvallis, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

SAIF petitions for judicial review of an order of the Department of Insurance and Finance (DIF). DIF held that Blackledge Furniture Company (Blackledge) could not be assessed workers' compensation insurance premiums based on services provided by four floor covering installers, because they were not "workers" under *former* ORS 656.005(27) (renumbered ORS 656.005(28) in 1990), for the audit periods July 1, 1988, through June 30, 1989, and July 1, 1989, through June 30, 1990.

■ DIF applied the traditional common law tests to determine whether the installers were workers, *see Castle Homes, Inc., v. Whaite*, 95 Or App 269, 272, 769 P2d 215 (1989), during the entire audit period. It concluded that "application of the control test alone does not give us a clear determination of petitioner's relationship with the installers." It therefore applied the relative nature of the work test and found that the method of operation of the installers was "sufficiently independent as to provide a separate route through which to channel the cost of industrial accident[s]."

SAIF contends that DIF erred in holding that application of the right to control test was inconclusive. It argues that our holding in *Salem Decorating v. Natl. Council on Comp. Ins.*, 116 Or App 166, 840 P2d 739 (1992), *rev den* 315 Or 643 (1993), compels the conclusion that the installers were workers under the right to control test. We disagree. In *Salem Decorating*, there was no written contract specifying the terms of performance. Blackledge had specific written contracts with all of its installers. In *Salem Decorating*, the employer had the right to monitor the progress of the work to see if the installer was doing an adequate job. Blackledge had no contractual right to monitor work. The employer in *Salem Decorating* had the right to terminate an installer before the job was completed and to replace that installer with another. Blackledge had no right to terminate a job in progress. Because of factual differences, we conclude that *Salem Decorating* does not dictate the result in this case. DIF did not err in concluding that the right to control test in this situation was not determinative. SAIF does not argue that DIF erred in its application of the relative nature of the work test.

■    SAIF next argues that DIF erred by failing to apply *former* ORS 701.025 (renumbered ORS 670.600 in 1991), rather than the common law tests, to that portion of the audit period commencing October 3, 1989. We agree. *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 121 Or App 402, 854 P2d 944 (1993). On remand, DIF should determine whether the installers satisfied all eight of the requirements of *former* ORS 701.025 (renumbered ORS 670.600 in 1991) for the relevant portion of the audit period. *Liberty Northwest Ins. Corp. v. Potts*, 119 Or App 252, 850 P2d 1135 (1993).

Portion of order relating to audit period from October 3, 1989, to June 30, 1990, reversed and remanded for reconsideration; otherwise affirmed.