## LAKE OSWEGO HUNT, INC.,
*Respondent,*

*v.*

The filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent below,*

*and*

SAIF CORPORATION,
*Petitioner.*

(90-11-001; CA A75468)

854 P2d 947

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter A. Ozanne, Portland, argued the cause for respondent. With him on the brief were William H. Replogle and Schwabe, Williamson & Wyatt, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

SAIF seeks judicial review of an order of the Department of Insurance and Finance (DIF) finding that four horse trainers who provided services to Lake Oswego Hunt, Inc., during the audit period April 1, 1989, through March 31, 1990, were not "workers" under *former* ORS 656.005 (27)(renumbered ORS 656.005(28) in 1990).

DIF applied the four-factor right to control test of *Castle Homes, Inc. v. Whaite*, 95 Or App 269, 769 P2d 215 (1989), for the entire audit period, and concluded that, because Lake Oswego Hunt neither controlled nor retained a right to control the manner and method used to train the students or horses, the trainers were not workers and were not subject to workers' compensation premium assessment. That conclusion follows from DIF's findings, which are supported by substantial evidence.

■     SAIF contends that DIF erred by not also applying the relative nature of the work test. We disagree. The right to control test enabled DIF to resolve the issues in this case. Therefore, it was unnecessary to apply the relative nature of the work test. *See Premsingh & Assoc. v. Natl. Council on Comp. Ins.*, 111 Or App 624, 627, 826 P2d 120, *rev den* 313 Or 300 (1992).

■     SAIF also contends that DIF erred by failing to apply *former* ORS 701.025 (renumbered ORS 670.600 in 1991), which sets the standards for independent contractors, for the period from October 3, 1989, to March 31, 1990. We agree. *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 121 Or App 402, 854 P2d 944 (1993). We remand for application of the standards under *former* ORS 701.025 for the relevant portion of the audit period.

Portion of order relating to audit period from October 3, 1989, to March 31, 1990, reversed and remanded for reconsideration; otherwise affirmed.