Argued and submitted June 30, reversed and remanded with instructions on appeal; affirmed on cross-appeal November 17, 1993, reconsideration denied May 4, petition for review pending 1994

## STATE ACCIDENT INSURANCE FUND CORPORATION (SAIF),
*Respondent - Cross-Appellant,*

*v.*

## Miles ANDERSON, D.C.,
and North Salem Chiropractic Clinic,
an assumed business name of Miles Anderson,
*Appellants - Cross-Respondents.*

(90C-10487; CA A74840)

863 P2d 509

Anthony A. Allen argued the cause for appellants - cross-respondents. With him on the opening brief was Gatti, Gatti, Maier & Associates. With him on the reply brief was Gatti, Gatti, Maier, Jackson & LeDoux.

Jas. Adams, Assistant Attorney General, argued the cause for respondent - cross-appellant. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendants appeal a circuit court judgment awarding plaintiff SAIF damages on its claim for money had and received. SAIF cross-appeals and assigns error to the dismissal of its other claims based on the same transactions. The issue is whether the Department of Insurance and Finance (DIF) has exclusive jurisdiction over cases where a health care provider is alleged to have violated ORS 656.248(3)[1] by charging workers' compensation patients more than the provider charges the general public for the same services. We conclude that DIF's jurisdiction is exclusive, and, therefore, reverse on the appeal and affirm on the cross-appeal.

Defendant Miles Anderson is a licensed chiropractor. He practices under the assumed business name of North Salem Chiropractic Clinic, which is also named as a defendant. Anderson's practice includes workers' compensation patients who are insured by SAIF. SAIF's complaint alleges that, in violation of ORS 656.248(3), Anderson regularly billed SAIF more than he billed the general public for comparable services. Specifically, SAIF maintained that Anderson regularly billed it for a $15 "minimum office visit" charge that he did not bill those patients who paid cash.

Based on that allegation, SAIF asserted four claims for relief: one under the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), ORS 167.715 *et seq*; one for fraud; one for money had and received; and one for conversion. Defendants moved to dismiss all of the claims on the ground that the circuit court lacked subject matter jurisdiction over them, because SAIF's administrative remedy with DIF "preempted" other remedies. The trial court denied that motion. It later granted defendants' motion for directed verdict on the ORICO, fraud and conversion claims. The jury then returned a verdict for SAIF on the claim for money had and received, and judgment was entered on the verdict.

Defendants argue that the circuit court lacked subject matter jurisdiction over SAIF's claim for money had and received, because DIF has exclusive jurisdiction over fee

---

[1] ORS 656.248(3) provides: "In no event shall a provider charge more than the provider charges to the general public."

disputes between health care providers and workers' compensation insurers.[2]

■    The Supreme Court set out the framework for analyzing the exclusivity of an administrative remedy that has been provided for a statutory violation in *Brown v. Transcon Lines*, 284 Or 597, 588 P2d 1087 (1978). The threshold determination is the source of the plaintiff's claim. If the claim preexists the statute, then the administrative remedy is exclusive only if, by enacting the statute, the legislature intended to abolish the previously recognized claim. However, if the claim derives from the statute, and the statute does not imply a claim in a court, then the administrative remedy is exclusive, provided that it is not "demonstrably inadequate." 284 Or at 602.[3]

---

[2] SAIF contends that the error, if any, was not preserved. Defendants argued, in support of their motion to dismiss:

"This Court lacks subject matter jurisdiction because the dispute herein is preempted and governed by administrative regulation. * * *

"* * * * *

"The dispute in this case * * * is either a complaint of rule violation governed by OAR 436-10-115 (1990) and/or a fee dispute between a vendor and an insurer governed by OAR 436-10-110 (1990). *Under either rule, the division is charged with exclusive jurisdiction to receive complaints, to conduct investigations, and to order appropriate relief.*

"* * * * *

"*For reasons set forth above, this court lacks subject matter jurisdiction because the dispute herein is preempted and governed by a comprehensive administrative scheme.* [SAIF] has failed to pursue the administrative procedures established for the resolution of such disputes. Judicial review may be available if and when the administrative remedies are exhausted." (Emphasis supplied.)

SAIF's contention is essentially that "exhaustion" and "preemption" are terms of art that are not appropriate in this context. That may be so. Nonetheless, the motion was adequate to alert the trial court to defendants' contention that SAIF's administrative remedy was exclusive. It is apparent from its response that SAIF, too, understood defendants' meaning.

[3] The court said:

"If such a cause of action must rest upon the provisions of [a statute] * * *, it may be that any such cause of action for damages in a court of law must be implied from that statutory provision and that plaintiff's sole redress is to file a complaint with the [agency] and pursue the administrative remedies * * *, at least unless such administrative remedies are demonstrably inadequate.

"On the other hand, if * * * [the] cause of action need not be based upon or implied from [the statute], but instead plaintiff had a cause of action for damages * * * based upon previously existing principles of common law, then the primary focus of the problem is * * * whether by the enactment of that statute the Oregon

ORS 656.248(3) prohibits a health care provider from charging a workers' compensation insurer more than the provider charges the general public. *See also* OAR 436-10-090(9). In the light of *Brown*, the first issue is whether SAIF's claim for money had and received derives from ORS 656.248 (3). The parties agree that it does. SAIF conceded before the trial court that, absent the health care provider's statutory (and regulatory) obligation to not charge a workers' compensation insurer more than is charged the general public, SAIF would have no claim. That is correct. We find nothing in the statute that implies a claim in a court. The administrative remedy, therefore, is exclusive, unless it is "demonstrably inadequate."

◼    The dispute in this case is a "dispute regarding the amount of a fee," within the meaning of ORS 656.248(13). That statute authorizes DIF to resolve such disputes. Pursuant to that authorization, DIF has promulgated rules. A provider or insurer involved in a fee dispute may request administrative review. *Former* OAR 436-10-110(1)(a).[4] When a request for review is received, the division must investigate. *Former* OAR 436-10-110(2). The division shall order the relief necessary to resolve the dispute. *Former* OAR 436-10-110(3). If a rule violation is involved, sanctions may be appropriate as well. *Former* OAR 436-10-115(3). Sanctions for a violation of ORS 656.248(3) and OAR 436-10-090(9) may include a reprimand, recovery of fees in whole or in part, referral to the appropriate licensing board, or civil penalties of up to $1,000 per occurrence. *Former* OAR 436-10-130(2). Administrative decisions under those rules are subject to judicial review under ORS 183.310 to 183.550. ORS 656.248 (13).

◼    SAIF contends that that administrative remedy is inadequate because it is too cumbersome. It argues:

"Nothing in the governing statutes or regulations expressly authorizes an insurer to file a single claim for

---

legislature abolished a previously existing common law cause of action." 284 Or at 602.

[4] OAR chapter 436, division 10, was amended in 1992. Neither party contends that those amendments alter the remedies that would be available to SAIF in this case.

multiple instances of overcharging by a medical provider. ORS 656.248(13) authorizes the director of DIF to resolve 'a dispute' regarding the amount 'of a fee for medical services.' That appears to contemplate a case-by-case review of fee disputes.''

However, ORS 656.248(13) provides that ''the director may resolve a [fee] dispute *in such summary manner as the director prescribes.''* (Emphasis supplied.) In the light of that statutory authorization, we have no reason to presume that DIF would not permit consolidation in certain cases.

SAIF also contends that the administrative remedy is inadequate, because it does not provide for a jury trial, to which SAIF argues it is constitutionally entitled.

■ A party has a right to a jury trial in the classes of cases for which the right was customary at the time the Oregon Constitution was adopted. Or Const, Art I, § 17; *Cornelison v. Seabold,* 254 Or 401, 405, 460 P2d 1009 (1969); *Salem Decorating v. Natl. Council on Comp. Ins.,* 116 Or App 166, 169-70, 840 P2d 739 (1992), *rev den* 315 Or 643 (1993). A claim by a workers' compensation insurer to recover money paid to a health care provider in excess of what the provider charges the general public did not exist at the time the Oregon Constitution was adopted. SAIF, therefore, has no constitutional right to a jury trial to resolve this dispute.

■ Finally, SAIF argues that the administrative remedy is inadequate, because it does not provide for punitive damages or equitable relief, and thus fails to include a ''full panoply of remedies.'' The sanctions authorized by OAR 436-10-130, including civil penalties of up to $1,000 per occurrence, are the functional equivalent of punitive damages. Notwithstanding that equitable relief is not available, the administrative remedy is adequate to address the problem that ORS 656.248(3) seeks to solve. We conclude that the administrative remedy is not ''demonstrably inadequate.''

Nonetheless, SAIF maintains that the legislature could not have intended that the administrative remedy be exclusive, because it did not make provision of an administrative remedy mandatory. SAIF relies on the language of ORS 656.248(13), which provides that ''the director *may* resolve a [fee] dispute in such summary manner as the director *may*

prescribe." (Emphasis SAIF's.) That language is not inconsistent with an intention to make the administrative remedy exclusive, if an adequate one is provided. OAR 436-10-110 to OAR 436-10-130 provide such a remedy.

Because SAIF's administrative remedy is exclusive, the circuit court lacked jurisdiction over SAIF's claim for money had and received. It erred by failing to dismiss the claim.

■     SAIF's cross-appeal assigns error to the trial court's orders dismissing its ORICO and fraud claims. Like the claim for money had and received, those claims derive from defendants' violation of ORS 656.248(3). But for that statute, those claims would not exist. Therefore, the above analysis of the claim for money had and received is equally applicable to the ORICO and fraud claims. We reject defendants' concession that the ORICO claim was properly before the circuit court. Although it is true that the remedies provided by ORICO "shall not preclude the application of any other remedy, civil or criminal," ORS 166.725(12), it does not necessarily follow that the ORICO civil remedies shall not be precluded by other remedies. ORICO does not have the effect of undermining DIF's exclusive jurisdiction to resolve disputes between health care providers and workers' compensation insurance carriers regarding alleged violations of ORS 656.248(3). The trial court did not err by dismissing SAIF's ORICO and fraud claims.

On appeal, reversed and remanded with instructions to dismiss claim for money had and received; affirmed on cross-appeal.