Argued and submitted January 6, decision of the Court of Appeals reversed and order of the Department of Insurance and Finance affirmed April 14, 1994

BLACKLEDGE FURNITURE CO., INC.,
*Respondent on Review,*

*v.*

The Filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent below,*

*and*

SAIF CORPORATION,
*Petitioner on Review.*

(DIF 91-02-012; CA A76093; SC S40655)

872 P2d 10

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the

petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter L. Barnhisel, Corvallis, argued the cause for respondent on review.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This case involves the statutory definition of independent contractor found in ORS 670.600[1] and its effect on statutory provisions for determining when a person is subject to the workers' compensation law, ORS chapter 656, and the judicially created tests relating to those provisions. Petitioner on review SAIF Corporation asks this court to reverse the Court of Appeals' decision in which it applied its conclusion from *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 121 Or App 402, 407, 854 P2d 944 (1993), that the statutory definition of independent contractor replaced the common law "right to control" and "nature of the work" tests for determining workers' compensation coverage. *Blackledge Furniture v. Natl. Council on Comp. Ins.*, 121 Or App 409, 854 P2d 942 (1993). For the reasons set forth in this court's opinion in *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 318 Or 614, 872 P2d 1 (1994), the decision of the Court of Appeals is reversed.

This case, like the *S-W Floor* case, arose in the context of a premium audit dispute between a company that uses the services of carpet installers and its insurer, SAIF Corporation. During the disputed period, July 1988 through June 1990, four carpet installers performed carpet installations for Blackledge Furniture Company, a home furnishing retailer. SAIF conducted an audit of Blackledge Furniture and included amounts paid to the four installers as part of the basis for the workers' compensation insurance premiums that it assessed.

---

[1] ORS 670.600 provides in part:

"As used in various provisions of ORS chapters 316, 656, 657 and 701, an individual or business entity that performs labor or services for remuneration shall be considered to perform the labor or services as an 'independent contractor' if the standards of this section are met:

"(1) The individual or business entity providing the labor or services is free from direction and control over the means and manner of providing the labor or services, subject only to the right of the person for whom the labor or services are provided to specify the desired results[.]"

That statute was codified as ORS 701.025 at the time of the DIF order; it is currently codified as ORS 670.600, and will be referred to as such throughout this opinion. ORS 670.600(2) to (8) provide numerous other criteria that must be met for an individual or business entity to qualify as an independent contractor.

Blackledge Furniture appealed to the Department of Insurance and Finance (DIF),[2] arguing that the installers were not workers subject to premium assessment. DIF based its final order in this case on the conclusions that it reached in the *S-W Floor* case, but found in this case that none of the carpet installers were "workers" based on the common law "nature of the work" test, *see Woody v. Waibel*, 276 Or 189, 196-97, 554 P2d 492 (1976). DIF therefore held that Blackledge Furniture was not subject to premium assessment based on amounts paid to the installers. However, unlike in *S-W Floor*, DIF did not apply a different analysis for the period after the statutory definition of "independent contractor," ORS 670.600, went into effect on October 3, 1989.

SAIF petitioned the Court of Appeals for judicial review of DIF's order, arguing that DIF erred in failing to apply the provisions of ORS 670.600 for the portion of the audit period beginning October 3, 1989. Relying on its decision in *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, *supra*, the Court of Appeals reversed the portion of DIF's order relating to the period October 3, 1989, through June 30, 1990. *Blackledge Furniture v. Natl. Council on Comp. Ins.*, *supra*, 121 Or App at 412.

SAIF sought review in this court, offering a concession that the installers were not "workers" as that term is used in ORS 656.005(28) and the judicially created "right to control" and "nature of the work" tests. SAIF argued, therefore, that there is no reason to remand the case to DIF for a determination under ORS 670.600 as to whether they were "independent contractors."

Because it is undisputed that the installers were not "workers" under ORS 656.005(28), whether or not they are statutory "independent contractors" under ORS 670.600 is not determinative of their workers' compensation coverage. DIF did not err in making its determination under ORS 656.005(28). *See S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, *supra*, 318 Or at 630 (describing methodology).

The decision of the Court of Appeals is reversed. The order of the Department of Insurance and Finance is affirmed.

---

[2] This department is now known as the Department of Consumer and Business Services, but is referred to as DIF throughout this opinion.