Argued and submitted January 6, decision of the Court of Appeals reversed and order
of the Department of Insurance and Finance affirmed April 14, 1994

LAKE OSWEGO HUNT, INC.,
*Petitioner on Review,*

*v.*

The Filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent below,*

*and*

SAIF CORPORATION,
*Respondent on Review.*

(DIF 90-11-001; CA A75468; SC S40457)

872 P2d 12

Peter A. Ozanne, of Schwabe, Williamson & Wyatt, Portland, argued the cause for petitioner on review. With him on the petition was William H. Replogle, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This case, like its companion cases *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 121 Or App 402, 407, 854 P2d 944 (1993), *aff'd in part, rev'd in part* 318 Or 614, 872 P2d 1 (1994), and *Blackledge Furniture v. Natl. Council on Comp. Ins.*, 121 Or App 409, 854 P2d 942 (1993), *rev'd* 318 Or 632, 872 P2d 10 (1994), involves a determination of how the statutory definition of "independent contractor" found in ORS 670.600 affects statutory provisions for determining when a person is subject to the workers' compensation law, ORS chapter 656, and the judicially created tests relating to these provisions. Petitioner on review Lake Oswego Hunt, Inc., asks this court to reverse the Court of Appeals' decision reversing and remanding the portion of the Department of Insurance and Finance's (DIF)[1] order pertaining to the audit period from October 3, 1989, to March 1990. *Lake Oswego Hunt v. Natl. Council on Comp. Ins.*, 121 Or App 413, 415, 854 P2d 947 (1993). For the reasons that follow, the decision of the Court of Appeals is reversed and the order of the Department of Insurance and Finance is affirmed.

Petitioner Lake Oswego Hunt, Inc., operates a horseback riding club and offers riding lessons and horse training through the use of horse trainers. The trainers set their own fees, subject to petitioner's approval, and petitioner retains 20 percent of the fees for use of the facilities. SAIF Corporation charged petitioner premiums for amounts paid to these trainers during the period in question, and petitioner appealed the premiums to DIF.

DIF determined that the trainers were not "workers," based on the judicially created "right to control" test. DIF therefore concluded that the trainers were not subject to workers' compensation premium assessments. DIF did not apply a different analysis for the period after the statutory definition of "independent contractor," ORS 670.600, went into effect on October 3, 1989.

SAIF sought judicial review in the Court of Appeals, contending that DIF erred by failing to apply the statutory

---

[1] This department is now known as the Department of Consumer and Business Services, but is referred to as DIF throughout this opinion.

provisions for "independent contractor" found in ORS 670.600 for the portion of the audit period beginning October 3, 1989. Relying on its decision in *S-W Floor Cover Shop v. Natl. Council on Comp. Ins., supra,* 121 Or App at 402, the Court of Appeals reversed and remanded the portion of DIF's order relating to the period after the new definition went into effect. *Lake Oswego Hunt v. Natl. Council on Comp. Ins., supra,* 121 Or App at 415.

Lake Oswego Hunt, Inc., petitioned this court for review, arguing that the provisions of ORS 670.600 do not apply if a person is not a "worker" under ORS 656.005(28), as established under the traditional judicially created "right to control" and "nature of the work" tests. Petitioner argues that the Court of Appeals' decision in this case should be reversed and that DIF's order should be affirmed.

■ SAIF agrees with petitioner that if the trainers were not "workers" under ORS 656.005(28) under the judicially created tests, then there is no need to apply the provisions of ORS 670.600. SAIF, however, maintains that DIF and the Court of Appeals erred in determining that the trainers were not "workers" under the common law tests and asks this court to revisit that issue. We decline SAIF's invitation to expound on the judicially created "right to control" and "nature of the work" tests at this time. Like the Court of Appeals, *Lake Oswego Hunt v. Natl. Council on Comp. Ins., supra,* 121 Or App at 415, we perceive no error in the manner in which DIF applied the "right to control" test, nor do we believe that DIF erred in failing to apply a "nature of the work" test under these circumstances.

■ SAIF's suggested statutory construction regarding ORS 670.600 has been rejected by this court in *S-W Floor Cover Shop v. Natl. Council on Comp Ins., supra,* also decided this day. DIF correctly made its determination initially under ORS 656.005(28), without reference to ORS 670.600. *See S-W Floor Cover Shop v. Natl. Council on Comp. Ins., supra,* 318 Or at 630 (describing methodology).

The decision of the Court of Appeals is reversed. The order of the Department of Insurance and Finance is affirmed.